WILLIAM R. WINCHELL v. ST. PAUL CITY RAILWAY COMPANY.[1]

June 20, 1902.

Nos. 12,969—(123).

**Street Railway—Injury to Person Falling on Track.**

Plaintiff signaled the motorman in charge of one of defendant's street cars of his wish to take passage thereon, then started on a moderate run towards the track and the point where the car would come to a stop. When within about six feet of the same, he stumbled by reason of some obstacle in the street, and fell upon the track, and was struck by the car and injured. *Held*, that the motorman was not bound to anticipate the possibility that plaintiff might fall upon the track, and was not guilty of negligence in not having his car under such control that he could stop the same in time to avoid such an accident.

**Negligence—Evidence.**

Evidence examined, and *held* insufficient to support a finding of actionable negligence on the part of defendant.

Appeal by defendant from an order of the district court for Ramsey county, Kelly, J., denying a motion for judgment notwithstanding the verdict or for a new trial. Reversed, and judgment ordered for defendant.

*Munn & Thygeson*, for appellant.

*John H. Ives*, for respondent.

BROWN, J.

Action to recover damages for personal injuries alleged to have been caused by the negligence of defendant. Plaintiff had a verdict in the court below, and defendant appeals from a denial of its alternative motion for judgment notwithstanding the verdict or for a new trial.

[1] Reported in 90 N. W. 1050.

The only question presented for our consideration is whether the evidence is sufficient to sustain the charge of negligence against defendant. The facts are as follows: Plaintiff was injured on January 9, 1901, at the intersection of Gibbs street and Langford avenue, by being run into by one of defendant's Como-Harriet electric cars. The accident occurred at about midday. A full view of the track and the approaching car was visible to plaintiff. The car was making one of its regular trips from Minneapolis to St. Paul, and plaintiff intended to take passage on it to the latter point, the place of the accident being about midway between the two cities. As the car approached the crossing, and when about two hundred seventy feet from the same, plaintiff signaled the motorman of his intention to take passage thereon; and at about the time of doing so started on a run, or, as he expressed it, "on a little trot," towards the street car track and the point at which the car usually stopped to let on passengers. As he neared the track, and when within about six feet of it, he tripped his foot upon some object in the street, or stumbled in some way, falling upon the track, and was run into and injured. It was not necessary for him, nor did he intend, to cross the track; the track on which the car was approaching being on the same side of the street on which he was standing when he signaled it. He testified on the trial to all these facts, and further to the fact that, had he not tripped his foot or stumbled, he would not have fallen upon the track, and no injury would have resulted to him. It is claimed in his behalf that the car was running at an excessive rate of speed, and that it was the duty of the motorman to have had his car so under control that he could have stopped it after discovering plaintiff on the track in time to have prevented the accident, and that he failed to exercise proper caution in this respect. This is the only negligence relied upon to support the verdict. There is no claim of wilful or wanton negligence on the part of the motorman after discovering plaintiff in a position of danger.

The statement of the case and the facts which we have outlined, which are wholly undisputed, would seem to be sufficient to show an entire absence of actionable negligence on the part of defendant. It is clear to us, conceding that the car was being operated

at an excessive rate of speed, that the proximate cause of the accident was plaintiff's own involuntary act in stumbling and falling upon the track. We are not aware of any rule of law making it the absolute duty of a street car company to stop its cars upon the signal of a person wishing to take passage thereon. It is usual and customary, no doubt, to do so, but it cannot be said to be an absolute duty. It is a matter of common knowledge that frequently, where cars are already overloaded with passengers, the motorman takes no notice of persons signaling an intention or desire to take passage, and passes them without any effort to come to a stop. Plaintiff had no right, so far as the record discloses, to rely upon the motorman to bring his car to a stop upon this occasion. The motorman knew from the signal given that he did not intend to cross the track. There was no occasion for him to do so. Nor can it be said that the motorman was bound to guard against the possibility of an accident of this kind, if it be conceded that it was his duty to stop the car at plaintiff's signal. He was not required, in the operation of his car, to anticipate that possibly plaintiff might stumble and fall upon the track, and to have his car so under his control as to avoid a collision in such event. It seems clear to us that plaintiff's injuries were the result of an accident, for which neither party was in any way responsible; and to sustain a recovery would be to establish a precedent which could not possibly be followed in the future. Fenton v. Second, 126 N. Y. 625, 26 N. E. 967.

Counsel for plaintiff presented his case on the argument so earnestly, and in the belief that his client's case is a just one, that we have reflected with special care before announcing our disagreement with him. But we cannot concur in his contention. The facts all being before the court, and undisputed, and as they show no actionable negligence on the part of defendant, the litigation should be brought to an end, and the parties relieved from any further cost or expense in the premises.

The order appealed from is therefore reversed, and the cause remanded to the court below, with directions to enter judgment for defendant, notwithstanding the verdict of the jury. It is so ordered.