## THE UNITED RAILWAYS AND ELECTRIC COMPANY *vs.* STEPHEN WATKINS.

*Negligence—Driving Across Street Railway Tracks in Front of Approaching Car—Questions of Negligence and Contributory Negligence for the Jury.*

When a person makes an imprudent attempt to cross the tracks of a street railway in front of a car which he sees approaching near at hand and is struck by it, because he miscalculates the chance of being able to clear the track in time, he is guilty of contributory negligence as a matter of law.

But it is not negligence as matter of law for one driving a four-horse team
to attempt to cross the tracks of a street railway at an intersecting
street when the approaching car is then one block distant, and the col-
lision occurs because its speed is afterwards materially increased.

Plaintiff driving a four-horse team on a city street, which crossed at right
angles another street upon which were the double tracks of defendant's
electric railway, saw when he came to the latter street a car approach-
ing on the farther track. The car was then one block distant and thinking
that he had time to cross before its arrival the plaintiff kept on his way.
When the car was in the middle of the block its speed was increased, and
although there was at that point a descent the brakes were not applied.
The car struck the team between the lead horses and the wheel horses.
*Held*, that the questions of defendant's negligence and of plaintiff's
contributory negligence were properly left to the finding of the jury;
that there was some evidence of defendant's negligence indicated by
the unusual speed of the car and the failure to apply the brakes, and
that it was not for the Court to rule as a matter of law that the plaintiff
was guilty of contributory negligence because he did not anticipate the
possibility of a collision resulting from the increased speed of the car.

Appeal from the Court of Common Pleas (SHARP, J.), where
there was a judgment for the plaintiff for $1,800.

The cause was argued before McSHERRY, C. J., BRISCOE,
PAGE, BOYD, PEARCE, SCHMUCKER, JONES and BURKE, JJ.

*Fielder C. Slingluff* (with whom were *Albert E. Donaldson*
and *T. Rowland Slingluff* on the brief), for the appellant.

*Robert F. Leach, Jr.* (with whom was *Millard F. Taylor* on
the brief), for the appellee.

McSHERRY, C. J., delivered the opinion of the Court.

This is another personal injury case; and the only ques-
tions which we are required to consider arise on the prayers
for instructions to the jury. The facts are few and there is no
conflict in the testimony.

It appears that the appellee, who is a farmer residing in How-
ard County, was driving a four-horse wagon loaded with fur-
niture along Carey street in Baltimore City. Carey street in-
tersects Baltimore street at right angles. Calhoun street,
which also crosses Baltimore street in the same way, is west

of, and one block distant from, Carey street. The double tracks of the United Railways and Electric Company of Baltimore are located on Baltimore street. The north track is used by street cars going west on Baltimore street, and the south track is used by the cars going east on that street. The appellee was driving in a southerly direction—that is, towards Baltimore street. His course took him across the double tracks on Baltimore street at the intersection of that street with Carey street, as he intended to continue on down the last-named street towards his destination after crossing Baltimore street. When he emerged from Carey street into Baltimore street he saw a car of the appellant company a square distant, up at Calhoun street. The car was on the south track, going east and therefore going towards the appellee. He concluded that he would have ample time to cross the tracks before the car could traverse the distance separating it and his team and he, therefore, drove onward without waiting for the car to pass. Midway between and parallel to Calhoun and Carey streets there is an alley opening into Baltimore street. When the car reached the alley, several of the witnesses have testified that it materially increased its speed. At that juncture the lead horses were just up to or perhaps just upon the north track—not the track on which the car was approaching—and the appellee pressed forward, and the car struck between the lead horses and the wheel horses, pushing the wagon around at right angles to the direction it was proceeding and knocking down and injuring three of the horses and seriously wounding the appellee. The distances from Calhoun street to Carey street and from Calhoun street to the alley are not given in the record. There was testimony adduced tending to show that the motorman upon reaching the alley turned on the electric current instead of applying the brakes though descending a slight down-grade whereby a collision became not only imminent, but inevitable; and that the car then commenced to run and continued onward at an unusually high rate of speed until it struck the team. On this state of facts the appellant asked the Court to withdraw the case from the con-

sideration of the jury on the ground, first, that there was no evidence in the case legally sufficient to entitle the plaintiff to recover; and secondly, because, according to the uncontradicted evidence in the case, the plaintiff was guilty of negligence directly contributing to the accident complained of.

As we have often said, and now repeat, negligence both primary and contributory, is essentially relative and comparative, and not absolute. Whether it exists or does not exist in either form in a given case, must necessarily depend upon the circumstances of that case. In every instance it must in the last analysis, be some breach of the duty owed by one person to another; and as the duty, whose breach is relied on as actionable negligence, varies under different conditions, the conditions must be known before negligence can be predicated of any act producing an injury. There is no analogy between a case like this and a case which grows out of an injury inflicted at a crossing over a railroad in the open country, because the rights and the reciprocal duties of both the injured and the injuring parties are radically different in the one instance from their rights and reciprocal duties in the other instance. A street railway company has no exclusive right to the use of a public highway in a city for the movement of its cars and possesses no greater or superior right to use the street than is enjoyed by any individual, apart from the mere franchise to lay its rails thereon. That franchise in no way exempts such a company from an imperative obligation to exercise due and proper care in propelling its cars to avoid injuring persons who have an equal right to use the same street as a thoroughfare. Inasmuch as the right of the individual to use the street is coextensive with the like right of the railway, each, as a consequence, owes to the other precisely the same duty to avoid an injury; and the railway company has no more right carelessly to run its cars along its tracks than the individual has carelessly to cross or traverse them. Looking to and bearing in mind these mutual and reciprocal rights and duties the case comes to the question whether there was a breach of duty on the part of the company in carelessly disregarding the right

of the appellee to cross the tracks at the intersection of Baltimore and Carey streets; or whether the appellee was careless —that is negligent—in attempting to make that crossing when he knew, or ought to have known by the simple process of using his eyes, that it would not be possible for him to get over the tracks before the car would collide with the wagon.

When the facts show, as in some of the cases they have shown, that the injury had resulted from a deliberate but unsuccessful effort to cross the track in the face of evident danger, or, when the disaster had been due to a miscalculation as to the chances of the individual being able to clear the track before the car would reach the point where the collision coincidentally occurred, a recovery has been denied upon the obvious ground that such a reckless attempt was gross negligence on the part of the person injured. Whilst each party— the driver of the team and the railway company—had an equal right to use the highway lawfully, neither was justified in using it in such a way as to imperil the safety of the other; and the individual who disregarded his own safety by rashly undertaking to cross the track when no prudent man would venture to do so, was in no position to hold the company answerable for the consequences of his own heedlessness or folly. In the very nature of things no hard and fast rule can be laid down by which every case of this character can be measured, and therefore the ultimate conclusion reached in one controversy cannot necessarily control the final decision of some other similar, though not precisely identical, contest. This fact renders it unnecessary to analyze or to refer to the numerous cases cited in the argument. They, and many others, have grown out of their own peculiar circumstances, and the differences in those circumstances—sometimes very slight, it is true—distinguish and differentiate the cases from each other and from this one.

If it be true—and it was for the jury to say whether it was—that when the appellee started to cross Baltimore street the car was at Calhoun street, an entire block distant, then it cannot be said, as a matter of law, that there was negligence

on the part of the appellee in attempting to cross over the tracks before the car had passed Carey street; unless it be assumed as a fixed and unvarying postulate that no one who may be driving a four-horse wagon in the city can prudently cross the tracks at intersecting streets whilst a street car coming towards him is as near as the distance of a block from the point of crossing. No such postulate has ever been announced or could be accepted if asserted. The mere fact, then, of attempting to cross over the street car tracks in a city when an approaching car is no nearer than just indicated cannot be considered an act of negligence; and it was clearly for the jury to say whether, if the speed of the car had not been materially and perceptibly increased after the midway alley had been passed by it, there would have been abundant time for the team and wagon to clear the tracks before the car reached the point where the collision occurred. It is not disputed that the speed of the car was greatly accelerated as it approached the team, or that the nearer it got the faster it ran. If the speed had not been thus increased it is probable no accident would have happened; and if this be so, it was obviously not for the Court to rule as a matter of law that the appellee was guilty of negligence in not anticipating the possible contingency of a collision resulting from an unusually rapid motion of the car. It does not appear from the record that there was the slightest danger of an accident when the appellee started to cross Baltimore street; and if the situation changed thereafter, it was for the jury to determine what caused that change and who was responsible for it, since there is no such distinct, prominent and decisive fact proved, about which ordinary minds would not differ, as to justify the Court in pronouncing the appellee's conduct in driving forward such contributing negligence in law as would preclude him from recovering. When the nature and attributes of the act relied on to show negligence contributing to the injury can only be correctly determined by considering all the attending and surrounding circumstances of the transaction, it falls within the province of the jury to pass upon and characterize it, and it

is not for the Court to determine its quality as matter of law. *Cook* v. *Balto. Traction Co.*, 80 Md. 558.

It follows from what we have said, first, that there was, in our opinion, some evidence of negligence on the part of the appellant company, indicated by the unusual speed of the car and by the turning on of the power and the failure to apply the brakes; which evidence the Court could not properly withdraw from the consideration of the jury; secondly, that upon the question of contributory negligence the jury was the proper tribunal to pass; in view of the circumstances proved in the case.

No special reference need be made to the instructions granted at the instance of the appellee because similar ones have been so often upheld by this Court in other cases that they must be regarded as accurately stating the law.

Finding no error in the rulings excepted to, the judgment, which was in favor of the appellee, must be affirmed.

*Judgment affirmed with costs above and below.*

(Decided November 23rd, 1905.)