# MICHAEL WESTERMAN

*vs.*

# UNITED RAILWAYS AND ELECTRIC COMPANY OF BALTIMORE.

*Negligence: contributory; team and trolley car; crossing in sight of approaching car; rules of city streets and open country; when failure to give signals not actionable negligence; signals to stop for passengers.*

In actions for damages resulting to the plaintiff for injuries sustained by the negligence of the defendant, or of the defendant's agents, the burden rests upon the plaintiff to prove the negligence or want of care causing the accident.          p. 227

But if the evidence that the want of ordinary care or prudence on the part of the plaintiff contributed to produce the accident, there can be no recovery, unless there is evidence that the defendant, by the exercise of care and prudence, might have avoided the consequences of the plaintiff's negligence.     p. 227

Where a plaintiff, injured by a collision with an electric car, saw the car approaching the crossing in time not to have gone upon the track, the fact that the agents of the defendant failed to ring any bell while approaching the crossing is immaterial.
                                                   p. 230

The duty as to the operation of electric cars in cities and over cross streets has no application to operating cars in the open country, where it is known that the cars are permitted to be run at much higher speed.               p. 231

No rule of law requires a street railway company to stop its cars at all points upon signal to take on passengers.     p. 231

*Decided December 16th, 1915.*

Appeal from the Court of Common Pleas of Baltimore City.  (DAWKINS, J.)

The facts are stated in the opinion of the Court.

The cause was argued before BOYD, C. J., BRISCOE, BURKE, THOMAS, PATTISON, URNER, STOCKBRIDGE and CONSTABLE, JJ.

*William Colton,* for the appellant.

*Albert E. Donaldson* and *J. Stanislaus Cook,* for the appellee.

BRISCOE, J., delivered the opinion of the Court.

This is a suit instituted by the plaintiff against the defendant company in the Baltimore City Court, but removed to the Court of Common Pleas of Baltimore City for trial, to recover damages for personal injuries sustained by him, and for certain damages to his property by reason of the alleged negligence of the defendant.

The accident occurred on the 17th of August, 1914, at 8 o'clock in the evening, at the intersection of O'Donnell and Fifteenth streets, a much traveled thoroughfare of Baltimore County.  The defendant at this point operates two car lines running north and south from River View, a resort in Baltimore County, to Roland Park and Druid Hill Park, in Baltimore City, commonly known as the River View Line.

At the time of the collision the plaintiff was driving two horses attached to a large wagon, loaded with grain, eastward on O'Donnell street, commonly called Mt. Carmel Road, and while crossing the tracks of the defendant on Fifteenth street was struck by a northbound car of the defendant coming from River View in Baltimore County.

The defendant sustained personal injuries, his wagon was damaged, one of the horses killed and the other injured.

At the conclusion of the plaintiff's case the Court below granted two prayers on behalf of the defendant which instructed the jury, first, there was no evidence legally sufficient to entitle the plaintiff to recover, and, second, that the plaintiff was guilty of contributory negligence and their verdict must be for the defendant.

From a judgment on the verdict in favor of the defendant this appeal has been taken.

There is but one exception in the record, and that is, to the action of the Court at the close of the plaintiff's case in granting the defendant's prayers, withdrawing the case from the jury.

It is well settled law that the burden of proof rests upon the plaintiff in actions of this kind to prove negligence or want of ordinary care on the part of the defendant causing the accident, and if the evidence shows that the want of ordinary care and prudence on the part of the plaintiff contributed to cause or produce the accident, there can be no recovery, unless the defendant, by the exercise of care and prudence, might have avoided the consequences of the plaintiff's negligence.

The rule recognized by the English courts in *Tuff* v. *Warman*, 94 E. C. L. 583, and adopted by this Court in *Lewis* v. *B. & O. R. R. Co.*, 38 Md. 599, and since followed by this Court, is thus stated. The question is, "whether the injury complained of was caused entirely by the negligence or improper conduct of the defendant, or whether the plaintiff so far contributed to the same by his own negligence or want of ordinary care and prudence that but for such negligence or want of care and prudence the injury would not have happened. In the first case, the plaintiff would be entitled to recover; in the latter he would not, unless the defendant, by the exercise of care and prudence might have avoided the consequences of the plaintiff's negligence."

In this case, it is argued, and insisted upon on behalf of the plaintiff, that the defendant's motorman was guilty of negligence in the following respects: first, failure to ring the

bell as the car approached the crossing; second, the rapid and increased speed of the car as it approached the crossing; third, the failure to stop the car at O'Donnell street to permit passengers to board the car; and, fourth, the failure to slow down as it approached the crossing, according to the notice, and existence of the blue or green lights below the crossing.

Turning now to the record, it appears that the collision occurred at the intersection of O'Donnell and Fifteenth streets, in Baltimore County. O'Donnell street, more commonly called Mt. Carmel Road, runs east and west, and Fifteenth street, which contains the double tracks of the appellee's street railway, runs north and south. There is an ascending or upgrade on O'Donnell street from Fourteenth street to the crossing and about one block past Fifteenth street. The grade, however, at the crossing is level and is of "T" rail construction. The view at the intersection of the streets is clear and unobstructed and is stated in the testimony as "made up of fields and open country."

On the evening of the accident, the plaintiff was driving his team of horses to a wagon loaded with grain easterly on O'Donnell street, and had to cross Fifteenth street to reach his home, on Sixteenth street.

There were two tracks of the appellee on Fifteenth street, one described as northbound and the other southbound, and to the west of these were the tracks of the Canton Railroad, upon the same street. What occurred when the plaintiff reached the crossing he states as follows: "It was August 17th, I passed there, at 10 or 15 minutes past eight o'clock. I had been driving my grain team from the west to the east up the hill; it is up the hill from west to east—that is, at 15th street; and when I came to the crossing I started to move with the horses—over the crossing—of course, I was going very slow going up the hill, and when I started to cross the crossing I saw the car was very far off on the other side, and there were people standing waiting for the car, and there was a man and a woman, and I saw them keeping the child to

make ready for the car, and when I had crossed the crossing already—my horses were over on the other side, and they were crossing the two tracks—then came and struck in the middle of the wagon on the front wheel—I can't remember which, and after that I can't remember what happened because I couldn't see."

He testified further there were lights burning at the crossing, and it was very light there; that when he first saw the car it was very far away, but when he got to the first track it was not so far away, but it was running very fast, and he then drove upon the track, and as he saw people there waiting for the car he thought it would stop, and he did not afterwards notice the car until he was struck. He also said, in answer to the following question upon cross-examination: "Q. Where was the last place you stopped your team before going on the railroad track? A. I didn't stop; I was going slow."

He also testified that he saw the car before he attempted to cross, and there were lights both at the crossing and on the electric car.

There was testimony to the effect that there was a waiting station at the crossing and a blue light burning below the crossing, which meant that the car should "slack up," or slow down, at the crossing, but this car increased its speed, as it approached the crossing. There were several persons waiting to board the car, but instead of stopping, it passed beyond the station, and did not stop. There was no evidence as to the speed of the car, except that it was running very fast and rapidly, and did not slack up, as it approached the crossing.

Mrs. Schnagel, who was waiting at the time of the accident, to board the car, testified that she heard the crash at O'Donnell and Fifteenth streets and the car did not slow down, as it approached the crossing, she did not hear the wagon as it approached the crossing, nor did she hear the motorman ring the bell.

The witness Finch testified upon cross-examination as follows: "Q. You say you saw Mr. Westerman first as he passed

you with his team about fifty feet from the crosing? A. Yes. Q. And at the same time the car was coming along at the track? Can you tell us how far away the car was then? A. The car was at least three times the length of the car from the crossing. Q. Three times the car length? A. Yes. Q. Away from the crossing? A. Away from the signal light. Q. How far is the signal light away from the crossing? A. The length of this court room. Q. As a matter of fact, isn't it farther than that? It is a right good distance before you get to the crossing, isn't it? A. It is about 15 or 20 feet. Q. Mr. Westerman kept going and the car kept going until the collision occurred? A. Yes. Q. And then you ran up and rendered what assistance you could? A. Yes.

The witness Schnagel, who saw the accident, testified that he saw the wagon coming up the street with the plaintiff in it, and the car was then in sight. It was then about two hundred or three hundred feet away, and the wagon was then close to the track, and while it attempted to cross the track, it was struck by the car. The lights of the car were burning, and there were a number of lights around the waiting room.

Upon this state of facts, and upon the well settled law applicable to this kind of case, we think the Court below properly withdrew the case from the consideration of the jury.

The failure of the defendant to ring the bell as the car approached the crossing, is immaterial, in this case, because the plaintiff saw and heard the approaching car in time not to have gone upon the tracks and the ringing of the bell would have added nothing to this admonition. *Bacon* v. *B. & P. R. R.*, 58 Md. 482; *P. & B. C. R. R. Co.* v. *Holden*, 93 Md. 417; *Glick* v. *C. & W. Elec. Ry. Co.*, 124 Md. 319.

While there was evidence that the car was running very rapidly, there was no evidence to show that the speed was either excessive or dangerous in the locality where the car was being operated.

In *Sparr* v. *United Rys. Co.,* 114 Md. 320, it is said, the appellant relies upon the class of cases to which the recent case of *United Rys. and Electric Co.* v. *Ward,* 113 Md. 649, and *U. R. & E. Co.* v. *Watkins,* 102 Md. 267, belong. But as has been frequently stated by this Court, those cases have no application to accidents occurring in the open country where cars are known and permitted to run at a much greater speed than is permissible on the crowded thoroughfares of a city, where those in charge are not required to reduce the speed of the car as they approach a road crossing, and where more caution is therefore demanded of persons, in crossing the tracks."

The third and fourth grounds relied upon by the appellant to establish actionable negligence, upon the part of the appellee, we think, are without merit, under the facts of this case.

There is no rule of law, which requires a street railway company to stop its cars at all points upon signal, to take on passengers.

In *Winchell* v. *St. Paul City Ry. Co.,* 86 Minn. 445, the Supreme Court of Minnesota, in dealing with a similar question, said: "We are not aware of any rule making it the absolute duty of a street car company to stop its cars upon the signal of a person wishing to take passage thereon. It is usual and customary no doubt, to do so, but it cannot be said to be an absolute duty. It is a matter of common knowledge that frequently, where cars are already overloaded with passengers, the motorman takes no notice of persons signaling an intention or desire to take passage, and passes them without any effort to come to a stop." *Maxey* v. *Metropolitan St. Ry. Co.,* 95 Mo. App. 303; *Fenton* v. *Second Ave. Rwy. Co.,* 126 N. Y. 625; *Hayes* v. *United Ry.,* 124 Md. 687.

But admitting that the defendant motorman was negligent in failing to slow down the car upon approaching the crossing as indicated by the green or blue light, we think the evidence shows that the plaintiff was guilty of negligence contributing to the accident, and there can be no recovery.

In *Heying* v. *U. Rwy. Co.,* 100 Md. 281, we said, if the plaintiff was guilty of contributory negligence, the question of negligence *vel non* on the part of the defendant becomes immaterial, for if there was no negligence on its part there can be no recovery, and if there was, the same result would follow, because of the plaintiff's contributory negligence.

In *McNab* v. *United Rys. Co.,* 94 Md. 719, the Court said, no matter how negligent the company's servants may have been in failing to give signals or warnings of the approach of the car to the crossing, Mrs. McNab after she saw the danger of leaving a place of safety and of attempting to cross directly in front of the rapidly moving car, was, when she drove forward, equally guilty of negligence which immediately contributed to the infliction of the injury which she sustained; and that contributory negligence is a bar to a recovery on her part.

In *Meidling* v. *United Rys. Co.,* 97 Md. 75, a somewhat similar care, we held that the plaintiff was guilty of contributory negligence, and said: "Here as in *McNab's case,* we have an electric railway running through the open country with a T rail construction. It is evident from all the evidence that we have here as there a rapidly approaching car, in the sight of the traveller, who in spite of the fact that he saw it, drove leisurely on the track and was run over and killed."

The cases of *Hatcher* v. *McDermott,* 103 Md. 78; *United Rys.* v. *Durham,* 117 Md. 192; *Glick v. C. & W. E. R. Co.,* 124 Md. 308, and the cases cited therein, are to the same effect.

We find nothing in the facts of the present case to take it out of the rules of law, applied and established by the cases cited, and as the plaintiff's negligence, was the last and final negligent act, the judgment of the Court below will be affirmed.

*Judgment affirmed, with costs.*