JOSEPH E. COOK

*vs.*

THE UNITED RAILWAYS AND ELECTRIC COM-
PANY OF BALTIMORE, A BODY CORPORATE.

*Automobiles: approaching trolley cars; delay in stopping.
Municipal traffic ordinances: east and west
bound traffic; priority.*

In negligence cases, the theory of the "last clear chance" is
applicable only when the defendant's negligence is the last
negligent act, and not where the plaintiff is guilty of contribu-
tory negligence.                                              p. 557

Where a driver of an ambulance going at a rate of twenty
or twenty-five miles an hour, had a full view of and saw a
trolley car crossing the street, going slowly some 125 feet
ahead, and never shut off his speed until within twenty-five feet
of the car, and then when he applied the brakes and turned the
automobile it skidded and came in collision with the car, it
was *held*, that the Railroad Company was not responsible.
                                                             p. 558

A municipal ordinance that gives precedence to north and
south bond traffic, over traffic bound east and west, must be
given a reasonable interpretation, especially when the ordi-
nance itself provides that nothing therein contained should
relieve any person upon the streets from exercising reasonable
care to avoid injury through collision with other persons or
vehicles.                                            pp. 556, 558

*Decided April 4th, 1918.*

Appeal from the Baltimore City Court. (HEUISLER, J.)

The facts are stated in the opinion of the Court.

The cause was argued before Boyd, C. J., Briscoe, Thomas, Pattison, Stockbridge and Constable, JJ.

*C. R. Wattenscheidt* (with whom was *Laurie H. Riggs* on the brief), for the appellant.

*J. Pembroke Thom* (with whom was *Walter V. Harrison* and *Joseph C. France* on the brief), for the appellee.

Stockbridge, J., delivered the opinion of the Court.

The plaintiff, appellant in this Court, brought suit to recover damages from the United Railways and Electric Company of Baltimore for injury to an auto-ambulance, occasioned by a collision between his machine while being operated by one of his employees and a street car owned by the defendant and operated by its employees. The ambulance in question was of Cadillac make, weighing something over two tons.

On the morning of January 21, 1916, the plaintiff had been notified from the University Hospital that there was some one at Union Station to be brought to that hospital, and at the time of the collision the ambulance was on its way to answer that call.

It was proceeding north on Cathedral street, at a rate variously estimated from fifteen to twenty-five miles per hour, and at the intersection of Cathedral and Biddle streets came in contact with a car of the defendant of the Roland Park Line. The morning was wet and the streets slippery, but the ambulance was not at the time equipped with chains to prevent sliding or skidding. The driver in charge of the ambulance saw the car proceeding slowly westward, when he was at a distance of from one hundred to one hundred and twenty-five feet south of Biddle street, but contented himself with ringing a large gong upon the ambulance, with-

out seeking to check his speed, until he was within twenty-five feet of the car. He then applied both the foot and the emergency brakes, and attempted to cut across the path of the car into Brevard street. The effect of this action was to bring him in a line parallel with the car, and he would probably have avoided the collision had not the machine skidded on the wet and slippery street. The condition of the street, the change in direction of the machine and the sudden application of the brakes acted in combination to produce the result that the rear wheel of the ambulance struck the car about in the center. The ambulance was severely damaged, the repairs to it costing $692.68.

At the conclusion of the plaintiff's case, the defendant offered three prayers; the first to the effect that there was no evidence in the case legally sufficient to entitle the plaintiff to recover, and that the verdict of the jury must be for the defendant. The third asked the Court to instruct the jury that from the uncontradicted evidence in the case the driver of the ambulance was guilty of negligence directly contributing to the happening of the accident, and that the verdict of the jury must be for the defendant. These two prayers were granted by the Court, whereupon the defendant withdrew its second prayer.

The ruling of the trial Court upon these prayers constitute the sole exception in the record.

Several questions were raised by counsel at the argument, though it will be sufficient for the disposition of this case to consider only two of them.

The plaintiff urges as an act of negligence on the part of the defendant, a failure to observe the ordinance* then in force designed to regulate traffic in the streets of Baltimore City, and which gave a right of way at street intersections to north and south bound travel, over that moving east and west. This provision, like all provisions of municipal regu-

---

*Ordinance of M. & C. C. No. 139, approved June 4, 1908.

lation, must be given a reasonable construction. To extend it as far as the plaintiff now asks would be to place a prohibition upon all east and west bound traffic, a condition which can not be supposed to have been intended by the framers of the ordinance, and it entirely ignored the further provision in the same ordinance, that

"nothing contained herein or omitted herefrom shall be construed or held to relieve any person using or traveling, or being upon any street for any purpose whatever, from exercising all reasonable care to avoid or prevent injury, through collisions with all other persons and vehicles."

It is conceded that the speed of the ambulance was greater than that permitted by the ordinance, and that the car was moving slowly. It is also established by the evidence that the chauffeur of the ambulance saw the car when distant one hundred to one hundred and twenty-five feet from it, and had it in such full view that both ends of the car were visible, and that the car was proceeding slowly westwardly, within the speed limits prescribed by the ordinance.

The plaintiff attempted to show by the chauffeur that the motorman of the car was looking in a different direction, and, therefore, did not see the approaching machine. This last, however, was a mental deduction of the witness, rather than a statement of fact, and while the prayers which were granted necessarily concede the truth of the evidence of the plaintiff that is an entirely different proposition from conceding inferences which may be drawn by a witness from matters which were observed by him.

Numerous cases decided by this Court are referred to by the plaintiff, in support of his contention of negligence on the part of the employee of the defendant, such as *United Railways* v. *Kolken,* 114 Md. 160; *Consolidated Ry Co.* v. *Armstrong,* 92 Md. 554; *Cooke* v. *Balto. Traction Co.,* 80 Md. 551; but a close examination of each of those cases will disclose its inapplicability to a case like the present. This

was clearly indicated in *United Railways* v. *Durham,* 117 Md. 197, where it was said, that "if the plaintiff was guilty of contributory negligence, the question of negligence *vel non* on the part of the defendant becomes immaterial, for if there was no negligence on its part, there can be no recovery, and if there was, the same result would follow, because of the plaintiff's contributory negligence." It was there said that the case should have been withdrawn from the consideration of the jury.

The plaintiff in his argument endeavors to introduce the doctrine of the last clear chance, but that is not applicable in a state of facts such as those presented by this record, for as was said in *McNab* v. *United Rys.,* 94 Md. 719, following the case of *Md. Cen. R. R. Co.* v. *Neubauer,* 62 Md. 401, that rule "is only applicable when the defendant's negligence is the last negligent act, and not where the plaintiff's contributory negligence is the final negligent act;" and this same rule was applied in the case of *Westerman* v. *United Rys.,* 127 Md. 225.

In the present case the negligent acts which directly caused the collision, and injury to the plaintiff's ambulance, were those of either the plaintiff or the plaintiff's employee; such for example as driving the ambulance, at the time when the streets were slippery, without chains upon the wheels, at a speed which whether in excess of that permitted by ordinance or not, was such as to constitute a menace to persons upon or crossing the streets; and making no attempt to slacken or check the speed of the ambulance after the car had come into full view, until a point was reached where the inevitable momentum of the machine made a collision practically certain.

In States other than Maryland the Courts have been called upon to rule upon questions very similar to that now involved. In the case of *Ray* v. *Brannan,* 72 So. 16, decided in 1916, the Court had under consideration an ordinance very similar to that which was designed to regulate traffic in the City of Baltimore, and in force when this accident oc-

curred, and the Alabama Supreme Court, in an exceptionally strong opinion, uses the following language: "The conditions of traffic on intersecting streets may reasonably require that such (referring to the ordinance) priority be given to one street over another. But the mere fact that one vehicle has the right of way over others crossing its path, does not release the vehicle thus favored from the duty of exercising due care not to injure the others at the place of crossing. On the contrary the duty of due care to avoid collision remains reciprocal, and the driver of each vehicle may, within reasonable limits, rely upon the discharge of this duty for the other, including among other things the observance of those municipal regulations with respect to speed and position, which are designed not only to facilitate traffic and travel, but also to make it safe for the public so far as is humanly possible. * * * But this right to expect the observance of specific legal duties by others does not excuse any one from observing the specific duties imposed by law upon himself, and his failure to do so, if the proximate cause of his injury, would *as a matter of law,* defeat his right of recovery."

In *Pilgrim v. Brown,* 150 N. W. 1, which was in regard to the collision between two automobiles, and where suit had been brought for the recovery of the damage done to one of the machines, the Iowa Court was construing the provisions of an ordinance of the town of Grinnell, designed to regulate the speed of such vehicles, and said: "The ordinance does not and reasonably could not charge a driver, who is observing the laws of the road, to discover at his peril the approach of one who is violating that law, and yield him the right of way."

Under the facts presented by the record in this case, and the rules of law applicable thereto, no error can be imputed to the trial Court for the rulings made by it, and the judgment appealed from will be affirmed.

*Judgment affirmed, with costs to the appellee.*