# Flounders *v.* Southern Pennsylvania Traction Co., Appellant.

*Negligence—Street railways — Automobile — Right-angled collision—"Look and listen"—"Stop."*

1. The driver of an automobile need not get off his vehicle, go forward and look up and down the track to ascertain whether it is clear before going on the track of a street railway; he must look and listen, and keep his car under such control that it can be stopped if danger is imminent.

2. There is no fixed duty on the driver of an automobile to stop before going on the tracks of a street railway, and unless the necessity for the additional precaution of stopping is obvious, the question as to whether under the circumstances he should have stopped, is for the jury.

3. A driver of an automobile in approaching a street railway is not required to wait because a car is in sight; if he has reasonable time, there is no negligence in attempting to cross the tracks.

Argued February 11, 1924. Appeal, No. 14, Jan. T., 1924, by defendant, from judgment of C. P. Delaware Co., Sept. T., 1918, No. 116, on verdict for plaintiff, in case of Edward E. Flounders v. Southern Pennsylvania Traction Co. Before FRAZER, WALLING, SIMPSON, KEPHART, SADLER and SCHAFFER, JJ. Affirmed.

Trespass for personal injuries. Before BROOMALL, J.
The opinion of the Supreme Court states the facts.
Verdict and judgment for plaintiff for $2,806.33. Defendant appealed.

*Error assigned* was, inter alia, refusal of judgment for defendant n. o. v., quoting record.

*Howard E. Hannum,* for appellant.—The law of Pennsylvania is irrevocably fixed that it is the duty of a traveler about to cross the track of a railroad company to look just at the near rail: Ehrisman v. Ry., 150 Pa.

180; Potter v. Ry., 19 Pa. Superior Ct. 444; Gilmore v. Traction Co., 26 Pa. Superior Ct. 97; Houston v. Traction Co., 28 Pa. Superior Ct. 374; Brown v. Traction Co., 14 Pa. Superior Ct. 594; Timler v. P. R. T. Co., 214 Pa. 475; Pieper v. Traction Co., 202 Pa. 100; Moser v. Traction Co., 205 Pa. 481; Kannenberg v. Traction Co., 215 Pa. 555; Burke v. Traction Co., 198 Pa. 497; Nugent v. Traction Co., 181 Pa. 160.

If, however, the vision is obstructed, and the driver cannot see nor hear because of vehicular noises, he must stop, look and listen: Omslaer v. Traction Co., 168 Pa. 519; Wheelahan v. Traction Co., 150 Pa. 187; Thomas v. Ry., 132 Pa. 504; Talley v. Traction Co., 227 Pa. 393.

*William C. Alexander*, for appellee, cited: Hamilton v. Traction Co., 201 Pa. 351; Talley v. Traction Co., 227 Pa. 393; Keck v. Ry., 271 Pa. 479; Harter v. Ry., 79 Pa. Superior Ct. 25.

OPINION BY MR. JUSTICE KEPHART, March 10, 1924:

Appellee was injured in a right-angled collision when his automobile was struck by a street car. His view along the highway for some distance from the track was entirely obstructed by a high bank, trees, etc., until within close proximity to the rails. Defendant, appellant here, claims, and this is the only point in the case, appellee should have descended from his car, gone forward and looked up and down the track to ascertain if street cars were approaching. The court below permitted a recovery; in this there was no error.

While it is very seldom a street is so far obstructed that a view of a car cannot be obtained before reaching the track, if there is any such condition it is the duty of users of highways to look and listen at the point of inter·section. It is a rule to be observed at all times and under all circumstances, and failure to follow it convicts the pedestrian or driver of negligence should an accident follow.

It was the driver's further duty to approach the crossing with his car under such control that it could be stopped if danger was imminent. Such is the law at intersecting highways, where the presence of traffic against the current of travel might be expected. This was announced in McClung v. Pa. Taximeter Cab Co., 252 Pa. 478. While the automobile must be under immediate control at the crossing, a pedestrian or a driver of a motor vehicle about to cross the street is not required to wait because a car is in sight; if he has reasonable time there is no negligence in attempting to cross the tracks: Spahr v. York Railways Co., 50 Pa. Superior Ct. 602; Smathers v. P. & B. St. Ry. Co., 226 Pa. 212; Callahan v. Phila. Traction Co., 184 Pa. 425. The distance the car is from him, and the speed at which it and his automobile are running, are elements entering into the question of reasonable time.

The driver of an automobile need not get off his vehicle, go forward and look up and down the track to ascertain whether it is clear before going on the track; he must look and listen. This, plaintiff says, he did, and saw the car more than a hundred feet away; assuming, as he had a right to, the car would not bear down on him at a high rate of speed, but would travel at its customary rate, he was not negligent in attempting the crossing. Ordinarily he would have gone over in safety.

We said, in Talley v. Chester Traction Co., 227 Pa. 393, there was no fixed duty to stop, and, unless the necessity for additional precaution was obvious, the question as to whether, under the circumstances, he should have stopped, was for the jury. In Omslaer v. P. & B. Traction Co., 168 Pa. 519, we held that it may be his duty to stop when, because of obstructions, the car could not be seen, and because of other noises it could not be heard. But the facts in this case are different from those in the cases cited by appellant. There was nothing to prevent appellee from hearing had the car been closer, and he could see more than a hundred feet.

Travel by automobile is much speedier than by horse drawn vehicles, and a less time is required to make a crossing in safety by this means of transportation than in the old way. Such matters must be taken into consideration when determining contributory negligence. On a level street the driver of an automobile would not be considered negligent in attempting a crossing when a street car is half a block or more distant. That the street car was traveling at a rapid rate of speed is evidenced by the condition of the motor after the accident. The case was well tried on both sides, and the court below did not err in entering judgment for the plaintiff.

Judgment affirmed.