## Henry et ux. v. E. & S. Motor Transportation Company.

*Negligence—Automobiles—Collision at crossing.*

1. Where a south-going automobile is stopped at the northwest corner of a wide street to make a left-hand turn and a woman passenger in the automobile sees, at a distance of 250 feet, a truck approaching from the south, she is under no duty to warn the driver of what she sees before they start, inasmuch as the danger is not imminent.

2. In such case, if the automobile commits itself to the crossing, it becomes the duty of the driver of the truck to have his vehicle under such control and to use such care as are necessary to avoid a collision.

Rule by plaintiffs for new trial. Rule by defendant for judgment *n. o. v.* C. P. No. 5, Phila. Co., Sept. T., 1924, No. 3904.

*J. J. McDevitt, Jr.*, for plaintiff; *H. S. Ambler, Jr.*, for defendant.

SMITH, J., July 6, 1926.—In this case the plaintiffs have filed a motion for a new trial and the defendants a motion for judgment *non obstante veredicto*.

On July 9, 1924, the plaintiff, Mary M. Henry, was riding in an automobile operated by Mathew J. Murphy going southward on Broad Street, a public thoroughfare in the City of Philadelphia, approaching the intersection of Dauphin Street.

The plaintiff, Mary M. Henry, testified that when the automobile in which she was riding reached the northwest corner of Broad and Dauphin Streets, the driver of the automobile brought his car to a dead stop on the right-hand side of the street, waiting for a clear track to make a left-hand turn, and then turned eastward on Dauphin Street. She further testified that when the driver of the automobile in which she was riding made the turn to the left, she saw the truck of the defendants about one-half a block south of Dauphin Street, proceeding northward, and that, as Murphy's automobile proceeded eastward across Broad Street to enter the body of Dauphin Street, the defendants' truck struck the automobile on its side near the rear.

The testimony of Murphy is substantially the same as that of the plaintiff, Mary M. Henry. In addition, he testified that his automobile had gotten across Broad Street all but the distance of the width of a car when the truck of the defendants ran into the right side of his car at the rear thereof.

The defendant's driver was the only one who specifically testified as to speed, which he said was eight or nine miles per hour. The only other evidence bearing upon this subject was the testimony of Mrs. Henry and Mr. Murphy, when they said that as Murphy's automobile, turning to the left from the northwest corner of Broad and Dauphin Streets to the point of collision, on a street which is sixty-nine feet wide from curb to curb, that the truck of the defendants had traversed a distance of about 250 feet. In the face of testimony of this nature, it is not negligence as a matter of law, even though the driver, Murphy, testified that he did not look again to note the progress of the truck from the point when he started his left-hand turn to just immediately before the contact: Davis *v.* American Ice Co. (Supreme Court opinion, January Term, 1926, Nos. 367 and 383, not yet reported).

If the truck was 250 feet away, it cannot be concluded that there was any danger so imminent that there was a duty upon the plaintiff, Mary M. Henry, to warn the driver of the automobile on which she was.

If the automobile in which the plaintiff, Mary M. Henry, was riding had committed itself to the crossing, it became the duty of the employee of the defendants to have his truck under such control and to use such due care as

are necessary to avoid a collision: Flounders v. South Pennsylvania Traction Co., 280 Pa. 85.

The trial judge properly left the question of negligence to be determined by the jury.

The motion for a new trial is based upon the inadequacy of the verdict.

There is a scar on the forehead of the plaintiff, Mary M. Henry, which does not show, due to the fact that she is able to so arrange her hair as to conceal it. She also suffered some bruises, which disappeared in a short time. The matter was properly left to the jury, and the verdict is not so inadequate as to necessitate the granting of a new trial.

Motion for judgment *non obstante veredicto* is refused.

Motion for a new trial is refused.