## Weschler v. Buffalo & Lake Erie Traction Co., Appellant.

*Negligence — Street railways — Automobiles—Collision—"Look and listen"—Speed—Increase of speed—Imminent danger—Relative duty of auto and trolley car drivers—Evidence—Charge of court—Res ipsa loquitur—Case for jury.*

1. A driver of an automobile has a right to assume that a street car in sight as he approaches a crossing will be operated properly, and he is not bound to wait simply because it is in sight, if it is at such a distance from him that, as a prudent person, he believes that he has ample time to cross if the car is run at the usual rate of speed.

2. While the driver of a car is not required to anticipate and guard against the want of ordinary care on the part of another, and the failure to anticipate negligence will not defeat an action, he cannot place himself in a position of manifest danger on the assumption that another person who controls the sources of that danger will act so as to control it for his safety.

3. Care must be taken not to apply too strictly the rules of safety in a judgment thus reached nor determine from the circumstances that the operator took a chance.

4. If there is doubt as to what a reasonably prudent person would do, or it is clear that the ordinarily reasonable man would act as the injured party does, the case is for the jury.

5. In a case involving a right-angle collision between a street car and an automobile at a crossing, it is reversible error for the court to charge that it is the duty of the motorman "to have his car under such control that he could stop and avoid an accident"; this would practically apply the rule of res ipsa loquitor.

6. While drivers of trolley cars are not held to the strict rule of control that attaches to a moving automobile at public crossings,

they must exercise a certain control to the extent of slackening their speed so as to aid others under stricter control to avoid accidents.

7. The driver of an automobile is obliged to have his car under control, so that he can stop it, if danger is imminent.

8. Where danger appears in the way, it must be a sufficient distance from the car, and give time enough to enable the driver to stop or slow down to avoid an accident; he must have the opportunity to act.

9. Imminent danger is a relative term and must be considered in connection with all the accompanying circumstances.

Argued May 7, 1928. Before MOSCHZISKER, C. J., FRAZER, WALLING, SIMPSON, KEPHART, SADLER and SCHAFFER, JJ.

Appeal, No. 48, Jan. T., 1928, by defendant, from judgment of C. P. Erie Co., May T., 1924, No. 199, on verdict for plaintiff, in case of Joseph Weschler v. Buffalo & Lake Erie Traction Co. Reversed.

Trespass for personal injuries. Before ROSSITER, P. J. The opinion of the Supreme Court states the facts.

Verdict and judgment for plaintiff for $7,921.64. Defendant appealed.

*Errors assigned* were various rulings and instructions, quoting record.

*Charles H. English,* with him *John B. Brooks* and *Frank B. Quinn,* for appellant.—Plaintiff did not make out a case of negligence free and clear of contributory negligence: Evans v. Ry., 283 Pa. 180; Patton v. George, 284 Pa. 342; Radziemenski v. R. R., 283 Pa. 182; Bornscheuer v. Traction Co., 198 Pa. 332; Lessig v. Transit & Light Co., 270 Pa. 303.

It is not the motorman's duty that he must so control his car that he can stop it and avoid an accident under all circumstances: Kilpatrick v. Transit Co., 290 Pa. 288; Flynn v. Moore, 88 Pa. Superior Ct. 361.

*C. C. Eaton,* of *Marsh & Eaton,* for appellee.—Plaintiff was not required to wait before crossing because a street car was in sight: Callahan v. Traction Co., 184 Pa. 425; Hamilton v. Traction Co., 201 Pa. 351; Davis v. Ice Co., 285 Pa. 177; Simon v. Lit, 264 Pa. 121; Wagner v. Traction Co., 252 Pa. 354; Shields v. Traction Co., 261 Pa. 422; Young v. Traction Co., 248 Pa. 174; Suchy v. Traction Co., 283 Pa. 533.

The question of plaintiff's contributory negligence was properly a question of fact for the jury and not a question of law to be pronounced by the court: Davidson v. Traction Co., 4 Pa. Superior Ct. 86, 95; Howett v. R. R., 166 Pa. 607; Ayers v. Ry., 201 Pa. 124; McMahon v. Transit & Light Co., 280 Pa. 199, 202.

OPINION BY MR. JUSTICE KEPHART, June 30, 1928:

This action resulted from a right-angle collision at a street intersection. As plaintiff driving a truck neared the intersection, and was about 15 or 20 feet from the tracks, he saw defendants' street car approaching apparently at its usual speed in the middle of a 500-foot square,—in other words, about 200 feet away. Being satisfied he had ample time and opportunity to make the crossing, he drove on the tracks. After he had committed himself to the act of crossing, he saw that the car was bearing down on him at a greater rate of speed than he had anticipated. It was too late to stop or retreat. To escape, he turned the truck in the same direction the street car was moving. It overtook the truck and struck it first behind the front wheels, knocking it around, and again in the rear. The car travelled over one hundred feet after the accident. Plaintiff was familiar with the crossing and the speed at which cars of this character usually travel. He had the right to assume that the street car would be operated properly, and was not bound to wait simply because a street car was in sight, if it was such distance from him that, as a prudent person, he believed he had ample time to cross, if the car was run at the

usual rate of speed: Callahan v. Traction Co., 184 Pa. 425; Hamilton v. Traction Co., 201 Pa. 351; Flounders v. Southern Pa. Traction Co., 280 Pa. 85; Davis v. American Ice Co., 285 Pa. 177, 183. On the other hand, while the driver of a car is not required to anticipate and guard against the want of ordinary care on the part of another (Simon v. Lit Bros., Inc., 264 Pa. 121), and the failure to anticipate negligence will not defeat an action (Wagner v. Phila. Rapid Transit Co., 252 Pa. 354), he cannot place himself in a position of manifest danger on the assumption that another person who controls the sources of that danger will act so as to control it for his safety: Kilpatrick v. P. R. T. Co., 290 Pa. 288. In the rule of care according to the circumstances, there must be consideration of the acts of others and the possibilities of human frailties. It is summed up by the rule requiring one to be guided by what a reasonably prudent person would do, and if there is doubt, or it is clear that the ordinarily reasonable man would act as the injured party did, the case is for the jury.

"Before a driver commits his car to the act of crossing, he should consider the distance of the car from the automobile; he may not rest on the assumption that it will stop at the crossing, but must pay attention to its approach; if, after making these observations, it would appear to the ordinarily prudent person that there is an opportunity to cross safely, it is not contributory negligence to attempt to do so. Absolute accuracy of judgment is not necessary. The test is a fairly reasonable one. The driver of a car is not bound to wait at the crossing until the car passes merely because it is seen in the distance, but as distance is one of the controlling factors entering into the determination of what is due care in a given case, we must be careful not to apply too strictly the rules of safety in a judgment thus reached and determine from the circumstances that the operator took a chance. The operator may assume and we must also consider, that when a trolley is in view, it will be

476 WESCHLER *v.* BUFFALO & L. E. T. CO., Aplnt.

operated with due care": Kilpatrick v. P. R. T. Co., supra, at p. 292. See also Shields v. P. R. T. Co., 261 Pa. 422; Young v. P. R. T. Co., 248 Pa. 174; Suchy v. B. & L. E. Traction Co., 283 Pa. 537. Under the circumstances of this case, and in view of the authorities cited, we cannot hold plaintiff guilty of negligence as a matter of law, and the motion for judgment n. o. v. was properly refused. We must, therefore, consider the question raised by the motion for a new trial.

The court below, in charging the jury that at street crossings it was the duty of the motorman "to have his car under such control that he could stop and avoid an accident," placed too great a burden on the carrier, and imposed upon it the liability of an insurer; no accident could happen under such instruction that would not carry with it an obligation to pay damages. It practically applies the doctrine of res ipsa loquitor. The rule was stated in Kilpatrick v. P. R. T. Co., supra, that "vehicles approaching public crossings should be under the absolute control of their operators: Flounders v. Southern Penna. Traction Co., 280 Pa. 85. While trolley cars are not held to the strict rule of control that attaches to a moving automobile at public crossings, they must exercise a certain control to the extent of slackening their speed so as to aid others under stricter control to avoid accidents." An accident may be one for which neither party was responsible. Of course the carrier is liable if a collision results from the failure to operate the car with due care, and the injured person is not himself negligent. In no case brought to our attention, or that we have been able to discover, have we laid down the hard and fast rule that it is the duty of the driver to have his car under such control that under any and all circumstances he could stop it to avoid an accident. We have not gone so far, even as to automobiles, yet this is the effect of the instruction here complained of.

It was stated by counsel for appellant at the argument that there was evidence to carry the case to the jury on defendant's negligence, but this did not concede negligence. It has been urged because of this admission that the complaint as to the charge be dismissed. An examination of the record shows that, while the plaintiff's evidence was sufficient to take the case to the jury on the question of negligence, if the defendant's evidence was believed, there was no negligence and there could be no recovery unless we apply the legal principle announced by the trial judge. We note this evidence: "When about thirty or forty feet from Pennsylvania Avenue [this being an intersecting street] I saw this truck coming ......It came out of Pennsylvania Avenue, and instead of going across the tracks he turned and went up Sixth Street, and when he turned he didn't stay off the railroad tracks and his truck hit my car, the front end of the car right on the corner. It broke the one side window or front window. It knocked the truck around and it went up over the curb into this tree. And the back end of my car hit the back end of his truck." This followed testimony to the effect that he was traveling not over 25 miles an hour and had sounded his whistle twice. Manifestly, if the plaintiff dashed out of Pennsylvania Avenue in front of the car when it was within 30 or 40 feet of the crossing, and we apply the instructions of the court below, defendant would be negligent and plaintiff not negligent. Defendant did not stop the car to avoid the accident. But the instructions there given do not correctly state the law as to street cars. The trial judge's attention was called to it, but the instruction was repeated, making it more emphatic.

We have stated that the driver of an automobile is obliged to have his car under control so that he can stop it if danger is imminent. Where danger appears in the way, it must be a sufficient distance from the car, and give time enough to enable the operator to stop or slow down to avoid an accident. He must have the oppor-

tunity to act: Flounders v. Southern Penna. Traction Co., supra. Imminent danger is a relative term and must be considered in connection with all the attending circumstances. Defendant was entitled to proper instructions on this important matter.

The judgment is reversed and a venire facias de novo awarded.