Delmer *v.* Pittsburgh Railways Company (et al., Appellants).

Argued September 28, 1943. Before MAXEY, C. J., DREW, LINN, STERN, PATTERSON and STEARNE, JJ.

*D. H. McConnell*, with him *J. R. McNary*, for appellants.

*R. A. McCrady*, of *McCrady, Nicklas & Hirschfield*, for appellees.

OPINION BY MR. JUSTICE ALLEN M. STEARNE, November 22, 1943:

George Delmer, in his own right and as guardian ad litem for his minor son, brought an action of trespass to recover for the death of his wife who was killed when the automobile she was driving was involved in a collision with defendant's street car at a right-angle intersection. The jury rendered a verdict for the plaintiffs in the sum of $5,000.00. This is an appeal from the judgment of the court below refusing defendant's motion for judgment n. o. v.

The accident occurred at the intersection of South Avenue and Swissvale Avenue in the Borough of Wilkinsburg. South Avenue, running in an east-west direction, is thirty feet from curb to curb. Swissvale Avenue, running in a north-south direction, is forty-five feet wide north of South Avenue and twenty-five feet wide south of South Avenue. There is a single street car track on Swissvale Avenue, the nearest rail of which is about ten feet from the westerly side of Swissvale Avenue.

At the time of the accident, defendant's street car was moving south on Swissvale Avenue. Deceased's automo-

bile was moving east on South Avenue, thus approaching the intersection at the right of the street car. Marks on the pavement indicated that the front wheels of the street car left the rails two feet north of the center of the intersection. Since these wheels are eight and one-half feet behind the extreme front of the street car, the impact probably occurred six feet south of the center of South Avenue. Evidence adduced from photographs shows that the street car ran into the automobile, striking it about the left center with such force that the automobile body was reduced to junk although neither the front nor the rear of the car were even slightly damaged. The bumpers, radiator grill and ornament, headlights and rear trunk were completely intact. Marks on the pavement, caused by the passage of street car wheels and automobile tires, indicate that the street car pushed the automobile ahead of it an approximate distance of seventy-three feet from the place where the street car left the tracks to the place where the two vehicles came to rest against the east curb of Swissvale Avenue. The front of the street car and the side of the automobile were so tightly jammed together that the services of a tow truck were necessary to pull the two apart. It was testified that there were two piles of sand where the street car had come to rest, but that no sand was found in any other section of its path during the course of the accident. It was further testified that the wrecked automobile was in low gear with the gears jammed at the time when it was towed away.

At the time of the accident no traffic light was operating at the intersection and no vehicles other than those of the deceased and defendant were in the area. The deceased had a view of the tracks for 150 feet in the direction from which the street car came.

No eye witness testified for the plaintiffs, and the motorman was the only witness for the defendant. The court below held that negligence of a defendant may be inferred from the circumstances attending an accident,

and that the circumstances in this case were sufficient to warrant such a finding by a jury. *Reardon v. Smith,* 298 Pa. 554, 148 A. 860; *Tucker v. Pittsburgh, etc., Ry. Co.,* 227 Pa. 66, 75 A. 991. This is undoubtedly correct. Photographs and testimony show that the collision occurred with "terrific" force. The motorman stated that he approached the intersection at a speed of fifteen to eighteen miles an hour, and that at that speed he could stop within thirty-five or forty feet. In considering this testimony, it must be remembered that the street car not only failed to stop until it had travelled about *seventy-three feet* from the place of the accident, but that it also pushed the automobile ahead of it until the curb stopped additional progress. If the weight of the smashed automobile and the curb had not tended to act as a brake, the forward motion of the street car would undoubtedly have been even greater. Moreover, the testimony that sand is immediately released on the application of the emergency brakes must be considered with the testimony that sand was found only at the place where the vehicles finally came to rest. The motorman testified that he did not see the automobile until he was across two-thirds of the intersection. There was also evidence that as he approached the intersection the motorman was looking at a clock in a store window on the west side of Swissvale Avenue and noted the exact time.

A jury could reasonably infer negligent operation by defendant from the force of the impact, the distance travelled by the street car after the impact, the testimony as to the motorman's momentary inattention and the belated braking of his vehicle. Moreover, in reviewing the denial of a motion for judgment n. o. v. we must read the testimony in a light most advantageous to plaintiffs' decedent and all conflicts therein must be resolved in her favor: *Muehlhof v. Reading Co.,* 309 Pa. 17, 162 A. 827; *Ranck v. Sauder,* 327 Pa. 177, 193 A. 269.

We are unable to agree with the defendant that the deceased was guilty of contributory negligence as a mat-

ter of law. Indeed, the latter has the benefit of a presumption that she was free from negligence. *Tull v. B. & O. R. R. Co.*, 292 Pa. 458, 461, 141 A. 263; *Coolbroth v. Penna. R. R. Co.*, 209 Pa. 433, 439, 58 A. 808. We have, in addition, testimony tending to show that the decedent's car was in low gear at the time she crossed the intersection. In refutation of this, there is only the testimony of the street car operator that the deceased entered the intersection at a "terrific" rate of speed. This is inconsistent with his statement to the police that "he didn't see the car, he didn't know how it happened". The credibility of this testimony is a matter for the jury; there are no facts or inferences from which it could be inevitably concluded that deceased was guilty of contributory negligence.

It is contended that the deceased had a view in the direction of the approaching street car of one hundred and fifty feet, and had she looked she must have seen its approach. As the court below stated, however, "If the street car was travelling at the extremely high speed indicated by the facts proved, it may have been beyond the deceased's field of vision as she entered the intersection, or at least well beyond the area to which, in the exercise of due care, she was required to give her attention and concern. There is, therefore, nothing in the testimony which overwhelmingly refutes the idea that deceased looked as she was required to look".

Chief Justice KEPHART said in *Kilpatrick v. Phila. Rapid Transit Co.*, 290 Pa. 288, 292, 138 A. 830, that "Before a driver commits his car to the act of crossing, he should consider the distance of the car from the automobile; he may not rest on the assumption that it will stop at the crossing, but must pay attention to its approach. *If, after making these observations, it would appear to the ordinarily prudent person that there is an opportunity to cross safely, it is not contributory negligence to attempt to do so. Absolute accuracy of judgment is not necessary. The test is a fairly reasonable one. The driver*

*of a car is not bound to wait at a crossing until a car passes merely because it is seen in the distance,* but, as distance is one of the controlling factors entering into the determination of what is due care in a given case, we must be careful not to apply too strictly the rules of safety in a judgment thus reached, and determine from the circumstance that the operator took a chance. The operator may assume, and we must also consider, that when a trolley is in view, it will be operated with due care." *Weschler v. Buffalo & L. E. T. Co.,* 293 Pa. 472, 143 A. 119. A driver is not required to anticipate and guard against the want of ordinary care on the part of another, *Simon v. Lit Bros., Inc.,* 264 Pa. 121, 107 A. 635, and failure to anticipate negligence on the motorman's part will not defeat the plaintiffs' action, *Wagner v. Phila. Rapid T. Co.,* 252 Pa. 354, 97 A. 471.

The judgment of the court below is affirmed.