GIRTON *v.* BALTIMORE TRANSIT CO.

[No. 126, October Term, 1948.]

672

*Decided March 31, 1949.*

The cause was argued before DELAPLAINE, COLLINS, GRASON, HENDERSON, and MARKELL, JJ.

Robert H. Engle, with whom were Clark, Thomsen & Smith on the brief, for the appellant.

Walter V. Harrison, with whom was Philip S. Ball on the brief, for the appellee.

DELAPLAINE, J., delivered the opinion of the Court.

William Z. Girton, of Baltimore, instituted this suit against the Baltimore Transit Company to recover for personal injuries and property damage which he sustained when his automobile was struck by a street car operated by defendant at the intersection of Madison and Lafayette Avenues.

The accident occurred on the afternoon of May 15, 1947, when plaintiff was driving his 1937 Willys west on Lafayette Avenue on his way home from work. The street car was southbound on Madison Avenue. Plaintiff testified that when he approached Madison Avenue, he slowed down to a speed of about 5 miles an hour. He said that he first looked to the left and saw that "it was clear," and then looked to the right and saw the street car about a half block away. He said there was some people on the northwest corner who were stepping off the curb into the street "as if to board the street car," and as the street car was slowing down he assumed that the motorman would stop for the passengers. He accordingly increased his speed and started across Madison Avenue. When he looked again he saw that the street car had not stopped, but had increased its speed. He tramped on the accelerator in an attempt to get across the track ahead of the car. But it struck his automobile, knocking it about 30 feet and wrecking it beyond repair. Plaintiff and two passengers, whom he was driving home from work, were severely injured.

At the close of plaintiff's case, the trial judge overruled defendant's motion for a directed verdict. The case was then submitted to the jury, and their verdict was rendered in favor of plaintiff for the sum of $500. The trial judge

then granted defendant's motion for judgment *n. o. v.* Plaintiff has appealed here from that judgment.

It is an established rule that the respective rights of the operators of street cars and automobiles to the use of the streets of a city are equal, and their duties in reference to the observance of precautions against injury are reciprocal. *United Railways & Electric Co. v. Mantik,* 127 Md. 197, 96 A. 261. Chief Judge McSherry said of the care required in the operation of street cars: "There is no analogy between a case like this and a case which grows out of an injury inflicted at a crossing over a railroad in the open country, because the rights and reciprocal duties of both the injured and the injuring parties are radically different in the one instance from their rights and their reciprocal duties in the other instance. A street railway company has no exclusive right to the use of a public highway in a city for the movement of its cars, and possesses no greater or superior right to use the street than is enjoyed by any individual, apart from the mere franchise to lay its rails thereon. The franchise in no way exempts such a company from an imperative obligation to exercise due and proper care in propelling its cars to avoid injuring persons who have an equal right to use the same street as a thoroughfare." *United Railways & Electric Co. v. Watkins,* 102 Md. 264, 267, 62 A. 234, 235.

However, the general rule is firmly established that where the plaintiff in a suit for damages was guilty of contributory negligence, the negligence of the defendant becomes immaterial. *United Railways & Electric Co. v. Durham,* 117 Md. 192, 197, 83 A. 154; *Cook v. United Railways & Electric Co.,* 132 Md. 553, 557, 104 A. 37; *O'Meary v. Baltimore & Belair Electric Railway Co.,* 133 Md. 503, 508, 105 A. 732. The driver of a motor vehicle, in entering a street intersection, must operate the vehicle as a reasonably prudent man would do under the circumstances. At an intersection a driver, who crosses in front of an approaching street car which he plainly sees, may not be negligent if, in view of the distance of

the street car, the rate of speed of its approach, and other circumstances, a reasonably prudent man would accept the hazard and undertake to cross. But a street car may be so close to the intersection that the driver of an automobile would be rash in attempting the hazard of crossing, and in such a case the court should adjudge him guilty of contributory negligence as a matter of law. *State, to Use of Henderson v. United Railways & Electric Co.,* 139 Md. 306, 115 A. 109. When the evidence shows that the plaintiff's injury resulted from a deliberate but unsuccessful effort to cross the car track in the face of evident danger, or that the collision was due to a gross miscalculation as to the plaintiff's chance of being able to clear the track before the street car would reach the point where the collision occurred, a recovery is denied upon the ground that such a reckless attempt to cross the track was obvious negligence on the part of the plaintiff. The motorist who disregards his own safety by recklessly undertaking to cross a car track, when no man of ordinary prudence would do so, cannot hold the street car company liable for his own recklessness. *United Railways & Electric Co. v. Watkins,* 102 Md. 264, 268, 62 A. 234, 235.

In this case plaintiff relied on the assumption that the people he saw on the curb wanted to board the street car and that the motorman would stop the car to let them on. Generally, when the driver of an automobile approaches a street car track at an intersection, he cannot assume that an approaching car will stop at the intersection, but he must pay attention to the approach of the car, and if he deliberately takes the risk of driving across the track in disregard of the danger of a collision, when a person of ordinary prudence would not take such a risk under the circumstances, he is guilty of negligence. *Kilpatrick v. Philadelphia Rapid Transit Co.,* 290 Pa. 288, 138, A. 830; *Weschler v. Buffalo & Lake Erie Traction Co.,* 293 Pa. 472, 143 A. 119; *Delmer v. Pittsburgh R. Co.,* 348 Pa. 147, 34 A. 2d 502. Even an honest belief of a driver that he can cross an intersection safely will not

excuse his negligence in attempting to cross in front of an approaching street car, but the question turns upon the reasonableness of the attempt. *Morrison v. City of Detroit*, 6 Cir., 140 F. 2d 625, 629. In *George v. Capital Traction Co.*, 54 App. D. C. 144, 295 F. 965, where an automobilist, before crossing Fourteenth Street at S Street in Washington, saw a southbound street car about a half block away approaching the northwest corner, which was a stopping place for street cars and at which there were passengers waiting to board the car, it was held by the Court of Appeals of the District of Columbia that he was not guilty of negligence in proceeding to cross the track, although it was likely that an accident would occur if the street car did not stop or diminish its speed. However, in that case the driver was fully justified in assuming that the car would stop, as the motorman was required by police regulations to stop at that corner to take on passengers waiting to board it, and the evidence showed that one of the passengers had signaled the car to stop.

In contrast, there was no contention here that an ordinance of the City of Baltimore or any other regulation requires street cars on Madison Avenue to stop at Lafayette. It is a matter of common knowledge that frequently, where cars are already overloaded with passengers, the motorman takes no notice of persons signaling to take passage, and passes them without any effort to come to a stop. In *Westerman v. United Railways & Electric Co.*, 127 Md. 225, 231, 96 A. 355, this Court declared that there is no rule of law requiring a street railway company to stop its cars at all street intersections, even on signal of persons wishing to take passage thereon. We hold that an automobile driver, about to cross a street car track immediately in front of an approaching street car, cannot rely upon an assumption that the street car will stop unless there is substantial basis for his assumption. *Harry T. Campbell & Sons v. United Railways & Electric Co.*, 160 Md. 647, 154 A. 552. Even though a motorist may assume that a street car will stop

for passengers standing at a regular stopping place, he cannot fail to make use of his own senses for his own protection by relying absolutely upon the assumption that the motorman will follow a custom of stopping or will comply with the requirement of an ordinance. In *Epstein v. Wells,* Mo. App., 284 S. W. 845, it was held that a truck driver, who, when only 15 feet from the track, saw a street car about 60 feet away approaching at a speed which he made no effort to determine, was guilty of contributory negligence as a matter of law in attempting to cross in front of the street car, even though he noticed persons waiting for the car on the corner short of the intersection.

In the case at bar the collision occurred in daylight, the weather was clear, and the vision was unobstructed. Plaintiff swore that when he reached Madison Avenue he saw the street car coming on the southbound track about a half block away. As the block was 350 feet long, the car, according to his version, was approximately 175 feet away. If the car had been that far away, he should not have had any difficulty to cross the track safely, for the width of Madison Avenue from curb to curb at this point is less than 40 feet. The car must necessarily have been much nearer the intersection than he thought. Otherwise, it would not have struck him, for, according to his own testimony, it was moving at a normal speed and slowed down as it approached the intersection.

In any event, plaintiff was required to use ordinary care and to proceed cautiously with his automobile under control until the actual intention of the motorman became apparent. Plaintiff swore that he saw several people on the corner who were stepping off the curb "as if to board the street car." But there was no substantial basis for his assumption that the street car would stop. When he was in a place of safety and under such control that his automobile could have been stopped before reaching the car track, he did not wait to see whether his assumption that the car would stop was correct. It proved to be incorrect. After he entered Madison Ave-

nue, he saw that the motorman did not intend to stop. Nevertheless, instead of slowing down, he increased his speed, and when he looked again the car was almost upon him. It was then too late to stop. He increased his speed in an attempt to get across the avenue in front of the car and drove directly into its path. The conclusion is inevitable that he was guilty of contributory negligence.

*Judgment affirmed, with costs.*