# CHRISTIAN J. FOOS

*vs.*

# UNITED RAILWAYS AND ELECTRIC COMPANY.

*Street Railway—Collision With Automobile at Crossing—Contributory Negligence.*

That the operation of a street car was negligent by reason of failure to give the customary signal and excessive speed did not excuse one driving across the track from the duty of looking to see whether a car was approaching.                    p. 542

There being a point from which plaintiff could, immediately before crossing the track, have seen defendant's car in time to prevent a collision with his automobile, he was guilty of contributory negligence in failing to look from that point, although he had previously attempted to look from a more distant point, where his view was obstructed.                    p. 542

One driving across defendant's track without looking to see whether a car was approaching cannot recover for injuries caused by a collision with the car, unless this could have been prevented by defendant's employees after the danger became apparent.                    p. 543

One about to cross a railway track on either a city street or a country road is under a duty to look for approaching cars.
                    p. 543

*Decided June 17th, 1920.*

Appeal from the Superior Court of Baltimore City (BOND, J.).

The cause was argued before BOYD, C. J., BRISCOE, THOMAS, URNER, STOCKBRIDGE and OFFUTT, JJ.

*Laurie H. Riggs,* for the appellant.

*Walter V. Harrison,* for the appellee.

URNER, J., delivered the opinion of the Court.

While the appellant's automobile, driven by himself, was crossing the railway tracks of the appellee at the intersection of West Baltimore and Pulaski Streets, in the City of Baltimore, it was struck by an electric street car and damaged. The cost of the necessary repairs is sought to be recovered in this suit. A verdict in favor of the railway company was rendered under an instruction granted by the trial Court on the ground that the plaintiff's own negligence directly contributed to the accident. The case was thus terminated at the close of the testimony offered on behalf of the plaintiff, and the ruling referred to is the only one presented for review by the pending appeal.

The accident occurred in the day time. The plaintiff testified that as he approached Baltimore Street from the north on Pulaski Street, just prior to the collision, his automobile was moving on an upgrade at the rate of twelve miles an hour, and that he sounded his horn and reduced the speed of his car before he reached the corner. He was then on the west side of the street near the curb. Just before reaching the building line on the north side of Baltimore Street he looked toward the east, but his view was obstructed in that direction by a high wall enclosing a lot of ground located at the northeast corner of the two thoroughfares, and also by a row of trees, with low branches in foliage, extending eastwardly along the outer margin of the Baltimore Street sidewalk. After the line of the trees was passed and before the railway tracks were reached the plaintiff could have had a clear view of the tracks to the eastward for the distance of a block. According to his own testimony, he did not avail himself of this opportunity to look for approaching cars, but attempted to cross without taking that precaution, and for

the first time saw the westbound car when it was only about fourteen feet distant. His automobile was then crossing the track on which the car was rapidly moving toward him, and it was only by increasing the speed of his motor, and thus almost clearing the track, that he was able to avert a much more serious collision.

There is evidence in the record tending to show that there was negligence on the part of the motorman of the electric car in failing to give the customary signal and in operating the car at an excessive rate of speed as it approached the intersection of the two streets. But the testimony of the plaintiff conclusively proves his contributory negligence. In the exercise of ordinary care he should have looked for approaching cars after he had passed beyond the wall and trees by which his view had been obstructed. An ample opportunity for such an observation was afforded after he entered Baltimore Street and while his automobile was at a safe distance from the railway tracks. In looking for cars only from a place where it was impossible for him to see whether any were approaching he did not discharge his duty either to himself or to those traveling on the street railway. While the plaintiff's right to the use of the street was co-equal with that of the railway company, the obligation to use due care to avoid an accident was reciprocal. *United Rys. Co.* v. *Watkins,* 102 Md. 267; *United Rys. Co.* v. *Mantik,* 127 Md. 200. The fact that the operation of the street car may have been negligent did not excuse the plaintiff from the performance of his duty to take proper precaution for his own safety and that of the railway company's passengers. It does not appear that the collision could have been avoided by the motorman on the street car after he saw, or should have seen, the plaintiff's actual or probable peril. This case differs in that respect from cases like *United Rys. Co.* v. *Ward,* 113 Md. 649; *Consolidated Ry. Co.* v. *Rifcowitz,* 89 Md. 338, and *United Rys. Co.* v. *Carneal,* 110 Md. 211, in each of which the negligence of the person crossing the street railway track was

held to be insufficient in itself to justify a directed verdict
for the defendant, since the evidence admitted of an infer-
ence that the accident could have been prevented by the rail-
way company's employees after the danger became apparent.

It is argued that while the plaintiff might have been held
to the observance of greater care if he had been attempting
to drive over a railway crossing in the country, it was not
incumbent on him to take any other precautions than those
he actually adopted in this instance before driving his auto-
mobile over railway tracks in the city, where the speed of
the cars is required to be reduced and under control as they
approach the street crossings. In other words, the contention
is that in looking for cars only from a point where his view
of the tracks was obstructed and in having his automobile
under control, the plaintiff exercised all the care that could
reasonably be expected under the circumstances, although he
admittedly failed to look again when near the tracks and
when he could readily have seen and avoided the danger.
This view as to the extent of the plaintiff's duty cannot be
accepted. The reasons for the distinction between urban and
rural conditions in the application of the rule as to due care
furnish no support whatever for the theory that it is not the
duty of one about to cross the tracks of a railway on the
streets of a city to look for approaching cars. *Winter* v.
*United Rys. Co.,* 115 Md. 69.

The present case is very different from that of *United
Rys. Co.* v. *Mantik,* 127 Md. 197, upon which the plaintiff
mainly relies. In that case it was proven that the driver of
the motor-truck with which the street car collided in fact
looked for cars at the first opportunity after passing beyond
a line of trees which prevented an earlier view of the track
on the street into which he was about to proceed. The front
wheels of the truck, which was moving at moderate speed,
were then crossing a gutter at the end of the street he was
leaving, and the forward end of the truck was only six or
seven feet distant from the nearest rail. As the opinion

states: "The chauffeur then for the first time saw an electric car, with a second one attached, coming southwardly towards the crossing at high speed. The leading car was then approximately forty-four feet from the point at which the truck was about to cross. * * * In an effort to avoid a collision the chauffeur turned the motor-truck towards the south, but its momentum, which he said there was not time enough to overcome with the brakes, carried it partly over the west rail of the track and the foremost car struck it in the region of the left front wheel." Upon these facts it was held that there was no such obvious and conclusive want of care and prudence in the conduct of the chauffeur as to justify the withdrawal of the case from the jury on that ground. In the case just cited the chauffeur endeavored to fully perform his duty to exercise due care, while in the case at bar the most important precaution was neglected.

The instruction granted by the Court below was proper.

*Judgment affirmed, with costs.*