# V. J. SCHELL *v.* UNITED RAILWAYS AND ELECTRIC COMPANY.

*Collision With Street Car—Driver's Contributory Negligence—Street Crossing.*

In an action for injuries to a truck by a collision with defendant's street car, coming from the left on a cross street, the truck driver's failure to look to the left after he passed the building line on the cross street, at a point twenty-seven feet from the nearest car track, whence he could have seen along the cross street for two or three blocks, showed contributory negligence as a matter of law, he having previously looked in that direction only at a point whence he could see a street car approaching from the left no more than fifty feet away.

*Decided May 7th, 1926.*

Appeal from the Superior Court of Baltimore City (SYM-INGTON, J.).·

Action by V. J. Schell, trading as the Schell Transfer Company, for his own use and to the use of the Columbia Casualty Company of New York, against the United Railways and Electric Company of Baltimore. From a judgment for defendant, plaintiff appeals. Affirmed.

The cause was argued before BOND, C. J., PATTISON, URNER, OFFUTT, DIGGES, PARKE, and WALSH, JJ.

*William D. Macmillan,* with whom were *Semmes, Bowen & Semmes* on the brief, for the appellant.

*J. Pembroke Thom* and *Walter V. Harrison,* for the appellee.

WALSH, J., delivered the opinion of the Court.

This is a suit for damages growing out of a collision between a truck of the appellant and a street car of the appellee, which occurred at the intersection of Hudson and Clinton Streets in Baltimore City about seven o'clock on the morning of January 12, 1922. On a previous appeal (see *Schell v. United Railways and Electric Co.,* 144 Md. 527) this Court decided that under the testimony then before it the driver of the appellant's truck was not, as the lower court had held, guilty of contributory negligence as a matter of law, and the case was remanded for a new trial. At the conclusion of the plaintiff's testimony in the second trial, the lower court again granted a prayer directing a verdict for the defendant on the ground that the plaintiff's chauffeur was guilty of contributory negligence as a matter of law, and the correctness of this ruling is the only question presented on this appeal.

The evidence shows that Hudson Street runs east and west and has double street car tracks on it, that Clinton Street runs north and south, has no street car tracks, and approach-

ing northwardly towards Hudson Street it goes up grade about
three per cent., and that on the morning of the accident the
streets were icy.   Shortly before seven o'clock that morning,
the appellant's chauffeur was driving the truck northwardly
on Clinton Street, and when about four feet from the build-
ing line on Hudson Street he glanced to his left and, seeing
no street car or other vehicle approaching on Hudson street
from that direction, he continued driving across that street.
After glancing to the left he looked to the right, and observ-
ing a street car approaching from that direction he continued
to watch it until the truck was within three or four feet of
the nearest eastbound street car rail, when his helper, who
was sitting on his right side, "hollered 'Look out,' " and he
then saw a street car approaching from his left and almost
on him.   Seeing that he could not stop the truck before it
reached the tracks, he swerved it to the right, but, despite
his efforts to avoid a collision, the truck hit the side of the
street car at a point just back of the front door of the car, and
this suit was brought to recover for the resulting damage to
the truck.   It further appears that, approaching Hudson
Street, the truck was going ten miles an hour, that just be-
fore it reached the tracks this speed was reduced to eight
miles an hour, and that during this time the truck could have
been stopped within about ten feet.   The speed of the street
car before the accident is not shown, but there is evidence
that after the collision it continued rapidly eastward on Hud-
son Street, which is down grade going eastwardly after it
passes Clinton Street, and stopped at the next corner.

On the previous appeal the driver of the truck testified that
he glanced to his left when at or slightly below the building
line on Hudson Street, and he estimated that the truck was
then about twelve feet from the nearest track, that he could
see a distance of ninety feet in that direction on Hudson
Street, and that he did not see any street car approaching
when he looked to the left.   Assuming, as it had to do, that
this evidence was true, the court held that if, when the truck
was about twelve feet from the nearest track, there was no

car within ninety feet approaching from the left, the driver could not be held guilty of contributory negligence, as a matter of law, because he continued driving towards the tracks, but in the course of the opinion the Court said: "If there were any evidence in the record of accurate measurements showing a substantially greater distance from the building line to the tracks, as against the estimates of plaintiff's witnesses, another element would have to be considered."

In the present case the driver testified that he was about four feet below the building line on Hudson Street when he looked to the left, that because of the obstruction furnished by a house at the southwest corner of Hudson and Clinton Streets he could only see "catercornered" across and down Hudson Street a distance of ninety feet, and that had he looked to the left after he passed the building line he could have seen a distance of two or three blocks in that direction. It also appeared from a plat, the measurements on which were conceded to be correct, that the distance from the building line on the south side of Hudson Street to the curb on that side of the street was fourteen feet four inches, and the distance from this curb to the nearest or southernmost rail of the eastbound street car track was thirteen feet two inches. It accordingly follows that, instead of being only twelve feet from the nearest track when he looked to the left, the driver was a distance of thirty-one and a half feet from it, and after he got to the building line, from which point he would have had an unobstructed view of several blocks to his left, or westwardly along Hudson Street, he was still twenty-seven and a half feet from the nearest track, and during all this time he stated he could have stopped the truck within a distance of about ten feet. We think the failure of the driver to look to his left after he reached or passed the building line on Hudson Street and before he got so close to the track that he could not stop before he reached it, constituted contributory negligence as a matter of law. The chauffeur was familiar with the locality in which he was driving, he knew that street cars ran up and down Hudson Street, he knew that he

would first reach the tracks on which cars approached from the west or on his left, and he knew he would have an unobstructed view for several blocks in that direction as soon as he reached or passed the building line, but notwithstanding all this, he merely glanced to his left when he was below the building line and could only see diagonally across Hudson Street to a point on the northerly side distant ninety feet below Clinton Street, and, not seeing any street car within that range approaching from the west, he looked the other way and continued looking at a car approaching from the east until he was so close to the nearest track that he could not avoid running into a car which actually was approaching from the west.  When he glanced to the left he was thirty-one and a half feet from the nearest track, and could have stopped his truck within ten feet, yet he failed to look in that direction again until he was almost on the tracks, although he knew that until he reached the center of Hudson Street there was no reason to apprehend any danger from street cars or other vehicles approaching from any other direction.  It is also obvious from his testimony, and an examination of the plat, that the diagonal view which he got of Hudson Street to the left would not have enabled him to see an eastbound car even considerably closer than ninety feet.  His line of vision extended from a point slightly to the right of the center of Clinton Street and four feet below the building line on Hudson Street, past the corner of the building on the southwest corner of those two streets, to a point on the north or opposite side of Hudson Street distant ninety feet west of its intersection with Clinton Street.  Such a view would show the extreme north side of Hudson Street west of the intersection for a distance of ninety feet, but it would not show all of the south side, and it was on the south side that the car in question was approaching.  We have not made the measurements and mathematical calculations necessary to determine absolutely what distance the driver could see along the eastbound tracks, but from an examination of the plat we think it safe to say that he could not under his testimony

have seen a street car approaching on these tracks unless it was within forty-five or fifty feet of the street intersection.

The law applicable to cases of this kind has long been settled in Maryland, and any number of cases could be cited in which the principles which should govern them have been announced and applied, but among these the case which seems to us to most resemble the present one in its facts is that of *Foos v. United Railways and Electric Co.*, 136 Md. 541, and we think that case is decisive of this one. The facts in that case, as set out in the opinion, were as follows: "The accident occurred in the day time. The plaintiff testified that as he approached Baltimore Street from the north on Pulaski Street, just prior to the collision, his automobile was moving on an up grade at the rate of twelve miles an hour, and that he sounded his horn and reduced the speed of his car before he reached the corner. He was then on the west side of the street near the curb. Just before reaching the building line on the north side of Baltimore Street he looked toward the east, but his view was obstructed in that direction by a high wall enclosing a lot of ground located at the northeast corner of the two thoroughfares, and also by a row of trees, with low branches in foliage, extending eastwardly along the outer margin of the Baltimore Street sidewalk. After the line of the trees was passed and before the railway tracks were reached the plaintiff could have had a clear view of the tracks to the eastward for the distance of a block. According to his own testimony, he did not avail himself of this opportunity to look for approaching cars, but attempted to cross without taking that precaution, and for the first time saw the westbound car when it was only about fourteen feet distant. His automobile was then crossing the track on which the car was rapidly moving toward him, and it was only by increasing the speed of his motor, and thus almost clearing the track, that he was able to avert a much more serious collision." The lower court took that case from the jury on the ground that the plaintiff's own negligence contributed directly to the injury, and in sustaining this ruling this Court, quoting for convenience from the syllabus, said:

"There being a point from which plaintiff could, immediately before crossing the track, have seen defendant's car in time to prevent a collision with his automobile, he was guilty of contributory negligence in failing to look from that point, although he had previously attempted to look from a more distant point, where his view was obstructed."

Applying this rule to the facts in the present case, it is obvious that the appellant's driver was guilty of contributory negligence in failing to look to his left after he passed the building line on Hudson Street. When he did look to the left, his view was obstructed by the house on the corner, and he could not have seen a street car approaching from the west unless it was within fifty feet or less of the street intersection. On the other hand, after he passed the building line on Hudson Street, he had an unobstructed view for several blocks to the west on that street, he was twenty-seven and a half feet from the nearest street car track, and he could have stopped the truck within a distance of about ten feet. Had he looked to his left as soon as he had an unobstructed view in that direction he would necessarily have seen the street car approaching from that direction, and he would then have had ample time to stop his truck before it reached the track and struck the street car. His failure to look under these circumstances must be held, under the ruling in the *Foos* case, *supra,* to constitute contributory negligence as a matter of law.

The facts in the record now before us differ in several important particulars from the facts presented by the record on the previous appeal, and render the two cases easily distinguishable. In the first appeal there was no testimony that the driver had only a "catercornered" view across Hudson Street, and it was taken for granted under his testimony that he could have seen a car ninety feet distant on his left, whereas in the present appeal it is apparent that he could not have seen a car distant more than fifty feet on his left. It was also assumed in the first appeal that his estimate that he was only twelve feet from the track when he glanced

to the left was correct, while in the present case actual measurements show that he was thirty-one and a half feet away, and that after he cleared the building line and had an unobstructed view to the left he was twenty-seven and a half feet from the nearest track. These differences render it obvious that the reasons which controlled the Court in deciding the first appeal are not applicable to the present appeal.

We have not set out the testimony of the other two witnesses who testified, because we deemed it unnecessary to do so. The testimony of the driver's helper was substantially the same as that of the driver, except that he stated the truck was sixteen feet instead of four feet below the building line on Hudson Street when the driver looked to the left. This testimony, if true, only served to make the driver's contributory negligence more patent, and as the remaining witness did not see either the truck, or the street car with which it collided, before the accident, his evidence threw no light at all on the matter we are considering.

· The case of *United Railways Company v. Mantik,* 127 Md. 197, was largely relied on by this Court on the previous appeal, but we think the *Mantik* case, for the reasons given by the Court in the opinion in the *Foos* case, *supra,* where it was discussed and distinguished, is also clearly distinguishable from the case now before us.

For the reasons heretofore given, we find no error in the ruling of the learned court below in instructing the jury that the plaintiff could not recover because of the contributory negligence of its driver, and we will accordingly affirm the judgment appealed from.

*Judgment affirmed, with costs to the appellee.*