## COLGATE & COMPANY *v.* UNITED RAILWAYS & ELECTRIC COMPANY.
[No. 83, October Term, 1928.]

*Decided January 25th, 1929.*

The cause was argued before Bond, C. J., Urner, Adkins, Offutt, Parke, and Sloan, JJ.

*Webster T. Blades,* with whom were *Blades, Rosenfeld & Frederick* on the brief, for the appellant.

*J. Pembroke Thom,* with whom was *James J. Lindsay* on the brief, for the appellee.

Urner, J., delivered the opinion of the Court.

The motor-truck of the appellant was struck by an electric railway car of the appellee at the intersection of Gough and Bond Streets in the City of Baltimore. To recover for the damage to the truck this suit was brought, and from a judgment on a verdict for the railway company, directed to be rendered on the ground of contributory negligence on the part of the driver, the owner of the truck has appealed. An exception to that instruction raises the only question presented by the record.

The street car was proceeding westwardly on Gough Street, and the truck was being driven southwardly on Bond Street, toward the intersection where the collision occurred. The driver of the truck thus described the accident: "I was going south on Bond Street; within about thirty or thirty-five feet from the intersection I glanced to my left; I saw that the street was clear and then I proceeded a little further and I looked to my right for approaching traffic for the right of way. I saw the coast was clear, so I stepped on the gas and started across. When I got to about seven feet from the west-bound track I seen this car * * *. As I saw this car it was just a little east of the east side building line. * * * He was coming at a fast rate of speed; I saw that it was no use of me trying to stop, so I just stepped on the gas and tried to beat him across, and with that he struck me about the middle of the track and throwed me out of the truck and dragged the truck, I should say down to Dallas Street, anyway about seventy-five feet." On cross-examination he said that he was driving at the rate of approximately fifteen miles an hour as he approached the crossing,

474

and the truck could be stopped within a distance of seven or eight feet when operated at that speed; that he had not reached the northern building line of Gough Street when he first looked to his left for traffic coming from that direction; and that the view along Gough Street to the east is unobstructed to one reaching the intersection from the north. He stated that he was driving along the west side of Bond Street and the front of the truck had passed beyond the curb line of Gough Street when he looked to his left the second time. A passenger on the street car, testifying for the plaintiff, said that as the car, running at a speed of twenty-five or thirty miles an hour, approached Bond Street, the motorman applied the power control and rang the bell, but the way appearing clear, he reapplied the power at once and proceeded over the crossing. When this witness first saw the truck, it was within three to five feet from the track and the front of the car was twelve or fifteen feet from the point of collision. The effort then made by the motorman to check the speed of the car, before the impact, was unavailing. There was proof of an ordinance of the Mayor and City Council of Baltimore providing that street cars shall not be operated at a higher speed than fifteen miles an hour when crossing streets in congested parts of the city.

The case was withdrawn from the jury at the close of the testimony which the plaintiff produced. Evidence as to the speed of the street car supported the theory of primary negligence, but as the uncontradicted testimony proved conclusively that negligence of the driver in charge of the plaintiff's truck directly contributed to the accident, it is our duty to hold that a verdict for the defendant was properly directed on that ground. The failure of the driver to look eastwardly on Gough Street, after reaching a point where he had a clear view in that direction, and before driving the truck into dangerous proximity to the railway track, was clearly negligent. According to his own narrative, he first looked to the left when he was thirty or thirty-five feet from the intersection, where he was not yet abreast of the north building line of Gough Street, and did not look again to his left until

he was so close to the track that his only hope of avoiding a collision was in an effort to cross in front of the approaching car. In passing between the points of the two observations he had ample time and space for an unobstructed view along Gough Street to the east, and if he had availed himself of that opportunity, he would have seen the oncoming car when he was in a position of safety. When he first looked to his left, the part of the street which seemed to be "clear" was restricted by the intervening houses on the northern side, which he had not yet reached, and his second look for westbound traffic was delayed until the collision was beyond his power to avert. In thus looking too soon and too late to avoid the danger, the truck driver did not exercise the degree of care required by ordinary prudence. The ruling of the trial court to that effect was in accord with decisions of this court in the closely analogous cases of *Foos v. United Rys. Co.*, 136 Md. 540, and *Schell v. United Rys. Co.*, 150 Md. 663.

In the first of those cases the accident happened at the intersection of Baltimore and Pulaski Streets in Baltimore City. The plaintiff, driving his automobile southwardly along the west side of Pulaski Street, looked to the east just before he reached the building line on the north side of Baltimore Street, but his view was obstructed by a high wall and a row of trees in foliage. As stated in the opinion: "After the line of trees was passed and before the railway tracks were reached the plaintiff could have had a clear view of the tracks to the eastward for the distance of a block. According to his own testimony, he did not avail himself of this opportunity to look for approaching cars, but attempted to cross without taking that precaution, and for the first time saw the westbound car when it was only about four feet distant. His automobile was then crossing the track on which the car was rapidly moving toward him, and it was only by increasing the speed of his motor, and thus almost clearing the track, that he was able to avert a much more serious collision. There is evidence in the record tending to show that there was negligence on the part of the motorman

of the electric car in failing to give the customary signal and in operating the car at an excessive rate of speed as it approached the intersection of the two streets. But the testimony of the plaintiff conclusively proves his contributory negligence. In the exercise of ordinary care he should have looked for approaching cars after he had passed beyond the wall and trees by which his view had been obstructed. An ample opportunity for such an observation was afforded after he entered Baltimore Street and while his automobile was at a safe distance from the railway tracks. In looking for cars only from a place where it was impossible for him to see whether any were approaching he did not discharge his duty either to himself or to those traveling on the street railway. While the plaintiff's right to the use of the street was co-equal with that of the railway company, the obligation to use due care to avoid an accident was reciprocal. *United Rys. Co. v. Watkins,* 102 Md. 267; *United Rys. Co. v. Mantik,* 127 Md. 200. The fact that the operation of the street car may have been negligent did not excuse the plaintiff from the performance of his duty to take proper precaution for his own safety and that of the railway company's passengers."

In *Schell v. United Rys. Co., supra,* the driver of the appellant's truck, approaching Hudson Street from the south on Clinton Street, in Baltimore, glanced to his left when about four feet from the Hudson Street building line, and seeing no traffic moving from the west, proceeded on his course, while looking to the right, and did not become aware of an eastbound car until the truck was within three or four feet of the rails and the car was so close that a collision was inevitable. It was held that the driver of the truck was guilty of contributory negligence in failing to look to his left after he passed the building line on Hudson Street. The opinion said: "When he did look to the left, his view was obstructed by the house on the corner, and he could not have seen a street car approaching from the west unless it was within fifty feet or less of the street intersection. On the other hand, after he passed the building line on Hudson Street, he had an unobstructed view for several blocks to the

west on that street, he was twenty-seven and a half feet from the nearest street car track, and he could have stopped the truck within a distance of about ten feet. Had he looked to his left as soon as he had an unobstructed view in that direction he would necessarily have seen the street car approaching from that direction, and he would then have had ample time to stop his truck before it reached the track and struck the street car. His failure to look under these circumstances must be held, under the ruling in the *Foos Case, supra,* to constitute contributory negligence as a matter of law."

In the two cases to which we have referred, as in the present case, reliance was placed on the decision in *United Rys. Co. v. Mantik,* 127 Md. 197, but it is distinguishable because in that case "the driver of the motor-truck with which the street car collided in fact looked for cars at the first opportunity after passing beyond a line of trees which prevented an earlier view of the track on the street into which he was about to proceed." See 136 Md. 543.

There is no ground in this case for the application of the last clear chance doctrine invoked by the appellant, since the evidence does not tend to prove that the motorman on the street car could have prevented the collision after he knew, or should have known, that the truck-driver would attempt to cross in front of the car.

*Judgment affirmed, with costs.*