## RUMBLEY *v.* BALTIMORE TRANSIT CO.
[No. 54, October Term, 1949.]

166

*Decided December 9, 1949.*

The cause was argued before MARBURY, C.J., and DELA-PLAINE, COLLINS, GRASON, HENDERSON and MARKELL, JJ.

*Hyman Ginsberg,* with whom were *Ginsberg & Ginsberg* on the brief, for appellant.

*Herbert R. O'Conor, Jr.,* with whom were *Philip S. Ball* and *Edwin T. Steffy, Jr.,* on the brief, for appellee.

DELAPLAINE, J., delivered the opinion of the Court.

This suit was brought by Walter L. Rumbley against the Baltimore Transit Company to recover damages

sustained to his Dodge sedan when it was struck by a streetcar owned and operated by defendant at the intersection of Eldorado and Belvieu Avenues in the suburban section of Baltimore.

The collision occurred on August 21, 1948, at about 11 p.m. The weather was clear. Plaintiff was driving south on Eldorado Avenue, while the streetcar was coming east on Belvieu Avenue. Plaintiff testified that he reduced his speed as he approached Belvieu Avenue, and looked to the right and left. He admitted that he saw the streetcar coming from the right, but he said that it appeared to be about a half block away, and that he did not look for it again, but proceeded across Belvieu Avenue at a speed of about 15 or 18 miles an hour. When his automobile was on the eastbound track, it was struck on the right fender and was hurled more than 30 feet upon the lawn on the southeast corner.

After the trial judge gave his instructions, the jury rendered a verdict in favor of plaintiff for $334.10. Defendant thereupon filed a motion for a judgment n.o.v., and the judge granted the motion and entered judgment n.o.v. for defendant. On this appeal from the judgment, plaintiff contends that he cannot be held guilty of contributory negligence as a matter of law merely because he did not continue to look for the streetcar, inasmuch as it was a considerable distance away but was traveling at an excessive speed.

It is an established principle in this State that the respective rights of the operators of streetcars and automobiles to the use of the streets of a city are equal, and their duties in reference to the observance of precautions against injuries are reciprocal. But as to statutory right of way, see *Caryl v. Baltimore Transit Co.*, 190 Md. 162, 58 A. 2d 239. Accordingly, in the absence of statute or ordinance, a streetcar crossing an intersection and an automobile approaching at right angles have equal rights to the use of the intersection. Each operator must use reasonable care and caution to avoid a collision. There is, of course, no specific rule applying to all circumstances

to warn the driver of an automobile, under penalty of being charged with negligence, when to wait before crossing a street on which a streetcar is approaching. Whether a motorist is guilty of contributory negligence in attempting to cross an intersection ahead of an approaching streetcar, which he plainly sees, depends upon the respective speeds of the two conveyances and their relative distances from the intersection. A motorist who crosses an intersection in front of an approaching streetcar may not be negligent if a reasonably prudent man would accept the hazard and undertake to cross. The streetcar may be so far away at the time the motorist attempts to cross that it could be said without doubt that he was not guilty of negligence. On the other hand, the streetcar may be so near that the motorist would be reckless to attempt the hazard of crossing. A motorist who recklessly attempts to cross a car track, when a person of ordinary prudence would not undertake to do so, is guilty of contributory negligence as a matter of law. Where the evidence shows unmistakably that the motorist's injuries resulted from an attempt to cross the car track in the face of evident danger, or that the collision was due to a gross miscalculation of his chance of being able to clear the track before the streetcar arrived, he is barred from recovery. *Girton v. Baltimore Transit Co.*, 192 Md. 671, 677, 65 A. 2d 329, 331.

In the instant case plaintiff relied principally on his own supposition that the streetcar was a half block away when he started across Belvieu Avenue, and that he had ample time to cross the tracks without being hit. He testified that he was driving at a speed of about 15 or 18 miles an hour. Clyde Iman, the motorman, testified that the speed of the streetcar was about 15 or 20 miles an hour. One of the passengers on the streetcar thought the automobile was traveling more rapidly than the streetcar. While these estimates vary slightly, the significant testimony is the admission of plaintiff himself that he was unable to estimate the speed of the streetcar. The distance from the north building line of Belvieu

Avenue to the center of the eastbound track is only about 35 feet. Even if plaintiff's speed had been as low as 15 miles an hour, he would have traveled 22 feet in one second, and it is evident that he could have crossed the tracks safely if the streetcar had been a half block away when he started across. There can be no doubt that plaintiff, as he glanced up Belvieu Avenue, was mistaken as to the distance of the streetcar. As it often happens when guesses are made at night, his guess was obviously erroneous. Although he admitted that he could not estimate the speed of the streetcar, nevertheless, either from lack of appreciation of his danger or a reckless disregard of his safety, he drove directly in its path.

We recognize that if a motorist reaches a street intersection distinctly in advance of a streetcar, he has the right to assume that he will be allowed to proceed and that the streetcar will not be run at an unreasonable speed or at a rate which is in violation of a municipal ordinance. However, it is the duty of a motorist not only to look before starting to cross an intersection, but also to continue to look until the car tracks, the real place of danger, are reached. Where he first observes a streetcar when it is some distance from the intersection, he may be found guilty of negligence in proceeding without looking again to locate the car. *State, to Use of Meidling v. United Railways & Electric Co.*, 97 Md. 73, 54 A. 612; *National Hauling Contractors Co. v. Baltimore Transit Co.*, 185 Md. 158, 166, 44 A. 2d 450; *Crawford v. Baltimore Transit Co.*, 190 Md. 381, 388, 58 A. 2d 680, 683. We emphasize that any contributory negligence on the part of a motorist contributing to a collision between his automobile and a streetcar will be an absolute defense to an action against the street railway company for injuries received in the collision. As we stated in *Girton v. Baltimore Transit Company*, 192 Md. 671, 65 A. 2d 329, where the plaintiff in a suit for damages is guilty of contributory negligence, the negligence of the defendant becomes immaterial.

We conclude that, even though the speed of the streetcar may have been greater than was reasonable and proper under the circumstances, plaintiff was guilty of contributory negligence as a matter of law in failing to look for the streetcar after he started across Belvieu Avenue. The judgment n.o.v. in favor of defendant will, therefore, be affirmed.

*Judgment affirmed, with costs.*