DOWNEY, Use of Himself and Bankers Indemnity Insurance Company *v.* BALTIMORE TRANSIT COMPANY

[No. 91, October Term, 1950.]

*Decided February 9, 1951.*

The cause was argued before MARBURY, C. J., DELA-PLAINE, COLLINS, HENDERSON and MARKELL, JJ.

*Willis R. Jones* for the appellant.

*J. Nicholas Shriver, Jr.,* with whom was *Hamilton O'Dunne* on the brief, for the appellee.

HENDERSON, J., delivered the opinion of the Court.

This appeal is from a judgment entered upon a directed verdict for the defendant in an action for personal injuries sustained by the driver of a taxicab in a collision with a street car at the intersection of Aisquith Street and Ashland Avenue.

The plaintiff was driving south on the west side of Aisquith Street, 35 feet wide, at about 11:30 P. M. on March 28, 1949. He was familiar with the intersection and evidently knew what the plat shows, that Ashland Avenue has only one set of tracks for westbound street

cars. He testified that he looked to his left as he approached the intersection but did not see the street car. When he was a few feet from the track he saw the street car coming very fast. It was then too late to stop and the car struck the left side of the cab. When he first looked to his left he could see about one hundred feet up Ashland Avenue. When pressed as to the exact point where he was at that time, he gave various estimates as to his distance from the building line, but finally stated definitely that he was "between thirty-five and forty feet from the street car track." It was shown by the plat that the distance from the northernmost track to the north curb of Ashland Avenue is 16½ feet, from the curb to the building line 14½ feet, a total of 31 feet from the track to the building line. At the time he looked, therefore, he must have been from 4 to 9 feet north of the building line. He testified that he was driving at 18 or 20 miles per hour and could have stopped in about 10 feet. It is unnecessary to summarize the testimony of other witnesses as it does not contradict or qualify the plaintiff's testimony bearing upon the issue of contributory negligence. His own testimony presents the most favorable view.

We may assume, without deciding, as the trial court assumed, that there was some evidence of negligence on the part of the operator of the street car. Upon the plaintiff's own statement we think he was guilty of contributory negligence as a matter of law. It is difficult to believe that the street car was not within the range of his vision when he first looked. But in any event, as has been said repeatedly, it was the duty of the plaintiff not only to look before starting across the intersection but to keep on looking until the track, the real point of danger, was reached. Had he done so he could have seen the street car in time to stop and avoid the collision. It was a plain case of looking too soon and too late. *Bearings Service Co. v. Baltimore Transit Co.*, 197 Md. 1, 77 A. 2d 779; *Rumbley v. Baltimore Transit Co.*, 194 Md. 164, 69 A. 2d 805; *Girton*

*v. Baltimore Transit Co.,* 192 Md. 671, 65 A. 2d 329; *National Hauling Co. v. Baltimore Transit Co.,* 185 Md. 158, 44 A. 2d 450; *Colgate & Co. v. United Rys. & Electric Co.,* 156 Md. 472, 144 A. 519; *Schell v. United Rys. & Electric Co. of Baltimore,* 150 Md. 663, 133 A. 598; *Foos v. United Rys. & Electric Co. of Baltimore,* 136 Md. 540, 110 A. 849; *Heying v. United Rys. & Electric Co.,* 100 Md. 281, 59 A. 667. These cases all involved collisions between automobiles and street cars at comparable intersections in downtown Baltimore. The *Colgate* case in particular is strikingly similar on the facts. The same rule is applicable with even greater force in outlying sections where the separation of the tracks from the travelled way permits greater speed between crossings. *Lewis v. Baltimore Transit Co.,* 193 Md. 366, 66 A. 2d 686; *Gross v. Baltimore Transit Co.,* 192 Md. 278, 64 A. 2d 147; *Crawford v. Baltimore Transit Co.,* 190 Md. 381, 58 A. 2d 680; *Meidling v. United Rys. & Electric Co.,* 97 Md. 73, 54 A. 612. The rationale of all these decisions is that the track must be regarded as a warning. The cases demonstrate that this rule is not affected by the fact that the right to use the city streets is reciprocal.

The appellant relies upon the cases of *Legum v. Hough,* 192 Md. 1, 63 A. 2d 316, and *Taxicab Co. v. Ottenritter,* 151 Md. 525, 135 A. 587, but they are clearly distinguishable. Those cases dealt with collisions between automobiles at intersections not controlled by traffic devices of any kind. In such situations the statutory right of way accorded to the vehicle approaching from the right has been construed as not controlling where the vehicles are not approximately equidistant from the intersection and proceeding at normal rates of speed. In such situations the factual questions of relative speed and distance cannot ordinarily be decided as questions of law. A different rule is applicable, as pointed out in the *Legum* case, where traffic lights or stop signs impose a mandatory duty upon the unfavored driver.

The appellant also relies upon *Girton v. Baltimore Transit Co., supra,* and *Davidson Transfer & Storage Co. v. Baltimore Transit Co.,* 183 Md. 263, 37 A. 2d 326. In the former case, the plaintiff was held guilty of contributory negligence as a matter of law, and the suggestion that a driver who sees a street car approaching may, under circumstances not involving a miscalculation, be free from negligence in undertaking to cross, cannot help the plaintiff here. The *Davidson* case has been distinguished both on the ground that it was a nonjury case, and on the ground that the testimony showed the truck to be actually on the tracks where the street car was 245 feet away. *Crawford v. Baltimore Transit Co., supra; Charlton Bros. Transp. Co. v. Garrettson,* 188 Md. 85, 91, 51 A. 2d 642.

We find no error in the ruling of the trial court withdrawing the case from the jury on the ground of contributory negligence.

*Judgment affirmed, with costs.*